RING *v.* UNITED STATES

No. 73–6969.   Decided November 11, 1974

PER CURIAM.

Petitioner was convicted on one count of conspiracy to import cocaine in violation of 84 Stat. 1260, 21 U. S. C. § 841 (a)(1), and 84 Stat. 1285, 21 U. S. C. § 952 (a).   At trial, the Government's chief witness against petitioner testified on direct examination by the Assistant United States Attorney that no promises had been made to her with respect to three counts of an indictment that had been returned against her involving the same events for which petitioner stands convicted.   At the time this witness testified, she had pleaded guilty to one count of that indictment, a fact which she acknowledged.   On cross-examination, she repeated her statement to the effect that no promises had been made to her.   During summation, petitioner's counsel indicated that the two other counts against the witness had been dropped in return for her cooperation and testimony in petitioner's case.

The Assistant United States Attorney, in her summation, stated categorically that the two other counts had not in fact been dropped. The Court of Appeals affirmed the conviction.

As the case comes to this Court, the Solicitor General states that the records of the United States Attorney in whose district the case was tried indicate that the same Assistant United States Attorney who tried the case had entered into an agreement with the witness whereby the Government had agreed to drop two counts of the indictment in return for a guilty plea on a third count. The witness had entered a guilty plea about one month prior to the petitioner's trial. The Solicitor General states that because "the existence of such an agreement, its terms, and [the witness] Rubio's knowledge of it, cannot be determined on the record before this Court . . . ," there is no occasion for this Court to consider whether the Assistant United States Attorney "failed to make any required disclosures." The better course, however, is to vacate the judgment of the Court of Appeals and remand the case to that court. If, on the basis of documentation offered by the Government on remand, that court is unable to dispose of the question presented for the first time here, that court would be free to remand the case to the District Court for further appropriate proceedings.

The motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment of the Court of Appeals is vacated and the case is remanded to that court for proceedings consistent with this opinion.