EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | Certiorari |
| Peticionario | |
| | 2004 TSPR 15 |
| v. | |
| | 160 DPR _____ |
| Elliot Casanova, Héctor Cortés Medina, Wilfredo Huertas y Heriberto Pagán | |
| Recurridos | |

Número del Caso: CC-2001-716

Fecha: 29 de enero de 2004

Tribunal de Circuito de Apelaciones:
          Circuito Regional III

Juez Ponente:
          Hon. Jorge L. Escribano Medina

Oficina del Procurador General:
          Lcda. Marta Maldonado Maldonado
          Procuradora General Auxiliar

Abogados de la Parte Recurrida:
          Lcda. Ana E. Andrade Rivera
          Lcdo. Gabriel Rubio Castro

Materia: Asesinato en Primer Grado

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Peticionario

         v.

Elliot Casanova, Héctor       CC-2001-716    Certiorari
Cortés Medina, Wilfredo
Huertas y Heriberto Pagán

     Recurridos

SENTENCIA

En San Juan, Puerto Rico, a 29 de enero de 2004.

¿Tiene derecho la defensa a obtener copia, mediante los mecanismos de descubrimiento de prueba, de declaraciones juradas prestadas por un testigo de cargo en otros casos, con relación a otros acusados y/o investigaciones que nada tienen que ver con los hechos por los cuales se formularon las acusaciones del caso de marras y se juzgan a los acusados de autos? ¿Es procedente tal solicitud por parte de la defensa, cuando su teoría en el caso de autos es la mendacidad de tal testigo de cargo? Ese es el asunto que tenemos ante nos para resolver.

I

El Ministerio Público formuló acusación contra los señores Elliot Casanova, Héctor Cortés Medina, Wilfredo Huertas y Heriberto Pagán, por asesinato en primer grado,[1] asesinato en segundo grado,[2] daño agravado,[3] conspiración para cometer asesinato,[4] usar máscara para evitar ser descubierto en la comisión del delito de asesinato en primer grado[5] y Artículos 5, 6, 8 y 8A de la antigua Ley de Armas de Puerto Rico.[6] Oportunamente los referidos acusados presentaron sendas mociones al amparo de la Regla 95 de Procedimiento Criminal,[7] solicitando el descubrimiento de evidencia en poder del Ministerio Público. Solicitaron del Tribunal de Primera Instancia que le ordenara al Ministerio Público les proveyera copia de las declaraciones juradas que prestara el testigo, señor Juan Franco Ortiz, en otros casos, a saber: Pueblo v. Pedro Pérez Santiago, Pueblo v. Gerald Velázquez Acevedo y Pueblo v. Ángel M. Medina Ávila. Solicitaron, además, que se les entregara cualquier declaración jurada prestada por el señor Juan Franco Ortiz, incluyendo entrevistas para fines de investigación, no juradas, independientemente si se sometieron denuncias contra cualquier

---

[1] Artículo 83 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4002.

[2] Íd.

[3] Artículo 180 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4286.

[4] Artículo 262 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4523.

[5] Artículo 237 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4433.

[6] 25 L.P.R.A. secs. 415, 416, 418 y 418a.

[7] 34 L.P.R.A. Ap. II, R. 95.

otra persona.    Adujeron como argumento, que dicha evidencia es relevante a la teoría de la defensa sobre la mendacidad de dicho testigo.[8]    El Ministerio Público se opuso a la entrega de las copias de las declaraciones juradas solicitadas, por estar relacionadas a otros casos y porque dicha evidencia no es susceptible de ser descubierta.[9]    Luego de escuchar los argumentos de las partes, el Tribunal de Primera Instancia determinó que le asistía la razón a los acusados y ordenó al Ministerio Público que les proveyera copia de las referidas declaraciones juradas que prestó el testigo, señor Juan Franco Ortiz, en los casos contra los señores Gerald Velázquez Acevedo y Pedro Pérez Santiago y aquellas otras en que involucró al señor Elliot Casanova, en la muerte del señor Luis F. García Sánchez.

La Oficina del Procurador General recurrió de esa resolución ante el Tribunal de Circuito de Apelaciones planteando que no procedía la entrega de copia de dichas declaraciones juradas, por no estar relacionadas con el caso de epígrafe y por entender que resulta muy amplia la concesión de dicho descubrimiento de prueba, poniendo en riesgo una investigación en proceso.[10]    El foro intermedio apelativo denegó la solicitud de expedición del auto de Certiorari, por entender que "el Estado no tiene interés legítimo en interponer obstáculos para que se conozca la verdad". Concluyó que las declaraciones juradas en cuestión son pertinentes, no fueron refutadas por el Ministerio Público y la

---

[8] Apéndice II del recurso de Certiorari, págs. 41-59.

[9] Apéndice III, Íd., págs. 60-68.

[10] Apéndice V, Íd., págs. 75-88.

entrega de copias de las mismas es cónsona con el balance de intereses de auscultar la verdad.[11]

No conforme con la resolución dictada por el Tribunal de Circuito de Apelaciones, recurre ante nos la Oficina del Procurador General señalando como error cometido por dicho Tribunal lo siguiente:

> ERRÓ EL TRIBUNAL DE CIRCUITO DE APELACIONES AL CONCLUIR QUE EL MINISTERIO PÚBLICO DEBE PROVEER A LOS RECURRIDOS COPIA DE UNAS DECLARACIONES JURADAS QUE PRESTÓ UN TESTIGO EN ESTE CASO CON RELACIÓN A OTROS ACUSADOS Y/O INVESTIGACIONES QUE NADAN [SIC] TIENEN QUE VER CON LOS HECHOS POR LOS CUALES SE JUZGAN LOS RECURRIDOS DE EPÍGRAFE.

El 14 de septiembre de 2001 emitimos resolución expidiendo el auto de _Certiorari_ solicitado. Habiendo comparecido ambas partes y con el beneficio de sus alegatos, procedemos a resolver.

Se confirma la resolución recurrida, emitida por el Tribunal de Circuito de Apelaciones, y en consecuencia, se mantiene inalterado lo resuelto por el Tribunal de Primera Instancia, Sala Superior de Arecibo.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez emitió opinión de conformidad a la cual se unieron los Jueces Asociados señores Rebollo López y Corrada del Río.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo

---

[11] Apéndice VI, Íd., págs. 161-167.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                    CC-2001-716      Certiorari

Elliot Casanova, Héctor
Cortés Medina, Wilfredo
Huertas y Heriberto Pagán

    Recurridos

Opinión de conformidad del Juez Asociado señor Rivera Pérez a la cual se unen los Jueces Asociados señores Rebollo López y Corrada del                                                          Río.

San Juan, Puerto Rico a 29 de enero de 2004

La cláusula de debido proceso de ley obliga al Ministerio Público a revelar a la defensa toda evidencia que tenga en su poder, la cual sea favorable al acusado, ya sea con relación a la culpabilidad o al castigo.[12] La violación al debido proceso de ley ocurre no sólo cuando el Ministerio Público no revela evidencia exculpatoria solicitada por la defensa; ocurre igualmente cuando, aún sin solicitud de la defensa, el Ministerio Fiscal no revela a la defensa evidencia que sabía o debió haber sabido, que era favorable a la defensa.

En Pueblo v. Hernández García[13] este Tribunal, interpretando la Regla 95 de las de Procedimiento Criminal, según leía antes de ser enmendada por la Ley Núm. 58 de 1 de julio de 1988,[14] se enfrentó a la siguiente situación de hechos. El señor Juan

---

[12] E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1995, Vol. V, pág. 227.

[13] 102 D.P.R. 506 (1974).

[14] La Regla 95, supra, entonces vigente disponía lo siguiente:

Previa moción del acusado sometida en cualquier momento después de haberse presentado la acusación, el tribunal podrá ordenar al fiscal que produzca para ser inspeccionados, copiados o fotografiados por el acusado o su abogado, determinados objetos, libros, documentos y papeles que no fueren declaraciones juradas, con excepción de la declaración del propio acusado, que el Pueblo hubiese obtenido del acusado o de otras personas mediante orden judicial o de otro modo y que pudieren ser necesarios para la preparación de la defensa del acusado, independientemente de que el Pueblo se propusiere ofrecerlos en evidencia. La orden especificará el tiempo, lugar y manera de hacer la inspección, de sacar las copias o tomar fotografías y podrá prescribir los términos y condiciones que el tribunal estimare justos.

Felipe Hernández García fue acusado por tres (3) infracciones a la Ley de Drogas de 1959.[15] La prueba de cargo consistió en el testimonio del agente de la División de Drogas y Narcóticos de la Policía, señor Luis Graulau y del químico que realizó el análisis de la sustancia controlada alegadamente incautada. El jurado encontró al acusado culpable de los cargos imputados. Catorce (14) días más tarde, la defensa radicó una moción de nuevo juicio alegando que, coetáneamente a la celebración del juicio, se realizó una investigación por el Departamento de la Policía sobre la conducta impropia y deshonesta del testigo de cargo, señor Luis Graulau, y de otros agentes; que al señor Graulau le fueron radicados cargos por hurto mayor; que se le exigió su renuncia; y que no fue procesado, por acceder a declarar sobre los hechos investigados como testigo de cargo. La defensa solicitó, además, como parte de su moción de nuevo juicio, copia de las declaraciones juradas prestadas por el señor Graulau en la investigación realizada por el Departamento de la Policía. En la vista de dicha moción, la defensa desistió de su solicitud de que se le entregara copia de las declaraciones juradas. El Tribunal de Primera Instancia denegó la moción de nuevo juicio, y días más tarde dictó sentencia. Posteriormente, el acusado presentó una solicitud de fianza en apelación y esbozó, para sustentar la misma, que innumerables acusaciones por infracciones a la Ley de Drogas, entonces vigente, habían sido archivadas por razón del resultado de la referida investigación en contra del agente Graulau. Se acompañó prueba a esos efectos, específicamente una declaración jurada del referido agente Graulau relatando un incidente en el cual los agentes investigados habían allanado una morada, se

---

[15] 24 L.P.R.A. sec. 974z.

habían apropiado de una suma de dinero y habían acordado cometer

perjurio si surgía una investigación al respecto.   En esa

ocasión expresamos:

> ...En *Brady v. Maryland*, 373 U.S. 83 (1963) se expande aún más la regla, resolviéndose que la supresión de evidencia solicitada por la defensa y relevante a la inocencia o castigo del acusado viola el debido proceso de ley.   ...
>
> ...
>
> Varios tribunales se han inclinado recientemente, no obstante, hacia el criterio de la necesidad de un descubrimiento total.  *United States v. Hibler*,   463 F.2d 455 (9th Cir. 1972); *Shuler v. Wainwright*,   341 F.Supp. 1061, 1072 (M.D. Fla. 1972).   En Vermont, el Canadá e Inglaterra priva la regla de total acceso al sumario fiscal y diversos comentaristas favorecen al menos una expansión sustancial del ámbito de descubrimiento usualmente permitido. Bass, V.: *Brady v. Maryland and the Prosecutor's Duty to Disclosure*, 40 U. Chi. L. Rev. 112 (1972); Traynor, *Ground Lost and Found in Criminal Discovery*, 39 N.Y.U.L. Rev. 228 (1964).
>
> Debe señalarse también que la necesidad de que la defensa solicite la evidencia en cuestión no se estima ya siempre, como en tiempos de *Brady*, un requisito cuya omisión libera indefectiblemente al fiscal de poner a la disposición del acusado prueba relevante a su defensa.  *Davis v. Heyd*, 479 F.2d 446 (5th Cir. 1973).
>
> Los principios señalados hallan amplio apoyo en estudios prestigiosos sobre el tema.  *ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Discovery and Procedure before Trial* (Approved Draft, 1970), sec. 2.1d; *ABA Project on the Standards for Criminal Justice, Standards Relating to the Prosecution Function and Defense Function* (Approved Draft, 1971), sec. 3.11.   En la norma 4.9, National Advisory Commission on Criminal Justice Standards and Goals, *Report on Courts*, Washington, 1973, pág. 89, se expresa que... **"El fiscal debe...descubrir cualquier evidencia o información que pueda considerarse razonablemente como valiosa a la defensa, aunque tal descubrimiento no sea de otro modo requerido."**  Las razones que han impulsado la adopción de estas pautas constituyen precisamente la base de la decisión de este Tribunal en *Pueblo v. Dones*, 102 D.P.R. 118 (1974).  (Énfasis nuestro.)

Concluimos, en esa ocasión, que el cuadro fáctico allí

presente ameritaba que el Ministerio Fiscal hubiera revelado a

la defensa la evidencia solicitada, claramente relevante para la

determinación de la inocencia del acusado, así como con la pena a serle impuesta en la sentencia. Por tales motivos, ordenamos la celebración de un nuevo juicio y la entrega a la defensa de la información relevante a la inocencia del acusado o al castigo que en su día pudiera serle impuesto.

De igual manera, en Pueblo v. Dones,[16] bajo dicho estado de derecho, revocamos al Tribunal de Primera Instancia por no admitir cierta evidencia ofrecida por el imputado para impugnar la credibilidad de un testigo de cargo y ordenamos la celebración de un nuevo juicio. El imputado, Rafael Dones, fue convicto de tres (3) cargos por infracción a la Ley de Narcóticos de Puerto Rico. Dicho acusado había ofrecido en el juicio evidencia de actos en que el testigo acusador, un agente encubierto, había acusado falsamente a otra persona por venta y posesión de narcóticos, el informe de la investigación realizada por el Cuerpo de Investigaciones Criminal sobre dicha conducta, el testimonio de dos (2) Jueces Superiores ante quienes el referido agente había mentido en juicio y la declaración de un tercer Juez Superior sobre otros actos de mendacidad del aludido agente. El Tribunal de Primera Instancia no admitió dicha evidencia, por lo que ésta jamás llegó ante la consideración del jurado. Al revocar a ese tribunal, manifestamos lo siguiente:

> Todo acusado que tiene su libertad en peligro debe tener al alcance de su mano los medios más amplios para demostrar que su acusador es un truhán, falto de integridad e indigno de crédito. Mientras más cortapisas y restricciones se opongan a esta prueba, mayor es el riesgo de que un testimonio mendaz y falso prevalezca en corte adulterando y deshonrando la justicia, convirtiendo el fallo judicial en trágico producto elaborado de la perversidad. ...

A los efectos de hacer una determinación específica relativa a la procedencia del descubrimiento de cierta prueba,

---

[16] 102 D.P.R. 118 (1974).

expresamos en Pueblo v. Tribunal Superior[17] que el Tribunal de Primera Instancia, en el ejercicio de su discreción, debe establecer, en cada caso, un justo balance entre los derechos del acusado al descubrimiento de prueba y los del Estado, tomando en consideración los criterios siguientes: (a) si los objetos, libros, documentos y papeles que el acusado interesa examinar se relacionan o describen con suficiente especificación y son pertinentes para su defensa; (b) su importancia para la seguridad del Estado o la confidencialidad de la labor investigativa; y, (c) la razonabilidad de la petición, tomando en cuenta sus propósitos, de manera que no haya innecesarias dilaciones en los procedimientos ni hostigamiento o molestias indebidas a los funcionarios del Estado.

Posteriormente, en Pueblo v. Rodríguez Sánchez[18] afirmamos que el descubrimiento de prueba tiene una fuente estatutaria, pero en determinadas circunstancias goza de una base más amplia en la Carta de Derechos de nuestra Constitución. Allí expresamos, sobre ese tema, lo siguiente:

> El descubrimiento de prueba que rebasa el texto de la Regla 95 y busca apoyo en el debido proceso de ley no es recurso a invocarse livianamente. Está muy lejos de ser patente de corso que en forma indiscriminada permita la intrusión en los archivos de fiscalía, ni que facilite al acusado cuanta evidencia pueda relacionarse con el caso criminal. **No basta para activar el remedio la probabilidad de que el jurado o el juez de conocer tal prueba hubiesen rendido un fallo distinto. La protección constitucional se da en situación que implica corrupción de la función depuradora de la verdad que es la esencia procesal del juicio. En tal extremo es responsabilidad del Estado en su obligación de proveer un juicio justo bajo la cláusula de debido proceso de ley, y aun sin mediar solicitud de la defensa, revelar evidencia exonerante en su poder o vicios de falsedad en su prueba que de permanecer ocultos e ignorados sofocarían la verdad en la sala de justicia. Baste recordar que el propósito del juicio no es obtener una convicción sino la depuración de hechos en búsqueda de la verdad.**

---

[17] 102 D.P.R. 470 (1974).
[18] 109 D.P.R. 243 (1979).

Cuando el acusado la solicita, es obligación del fiscal revelar evidencia del Estado sin que medien las circunstancias de exigencias que le compelen a tomar la iniciativa para proteger la legalidad del juicio. **A moción de la defensa, "si el objeto de la solicitud es material [relevante por su substancia]; e indudablemente si hay base substancial para invocar que existe materialidad, lo razonable es exigir del fiscal que responda bien suministrando la información o sometiendo el problema al juez".** *United States v. Agurs*, 427 U.S. 97, 106 (1976). **El concepto de materialidad, y la obligación del fiscal de revelar ante la solicitud de la defensa, han de ser consubstanciales con el eminente interés en asegurar que toda evidencia significativa que tienda a establecer inocencia sea presentada al juzgador de los hechos.** A esa conclusión llegamos, aunque por fundamentos procesales, en *Pueblo v. Tribunal Superior*, supra.

...

... El Art. II, Sec. 11, de nuestra Constitución(3) garantiza el derecho del acusado a "carearse con los testigos de cargo". **Para que tal confrontación o careo tenga concreción y sentido, el debido proceso exige que se pongan al alcance del acusado los medios de prueba para impugnar los testigos, atacar su credibilidad y todo recurso análogo encaminado a erradicar la falsedad del juicio y evitar el desvío de la justicia. Un careo sin estos instrumentos, cuando sean legítimamente asequibles, frustra el propósito del precepto constitucional.** ...

...

Reiteramos que no estamos dando licencia para que en todo caso y en forma automática se concedan todos los informes y papeles relacionados con la actuación del agente. **El acusado que los solicite debe hacer alguna demostración prima facie convincente de la materialidad de esa evidencia y de la legitimidad de su petición que la excluyen de la calificación de alegación simplemente dilatoria, onerosa y hostigante.** (Énfasis nuestro.)

### III

La Regla 95 de Procedimiento Criminal, supra, dispone actualmente sobre el tema de descubrimiento de prueba lo siguiente:

(a) **Previa moción del acusado sometida en cualquier momento después de haberse presentado la acusación o denuncia, y dentro del término prescrito para someterla,** el tribunal ordenará al Ministerio Fiscal que permita al acusado inspeccionar, copiar o

fotocopiar el siguiente material o información que está en posesión, custodia o control del Ministerio Fiscal:

(1) Cualquier declaración jurada que el Ministerio Fiscal tenga del acusado.

(2) **Cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales previas de éstos.**

(3) Cualquier resultado o informe de exámenes físicos o mentales y de experimentos o pruebas científicas que sea relevante para preparar adecuadamente la defensa del acusado o que vaya a ser utilizado en el juicio por el Ministerio Fiscal.

(4) Cualquier libro, papel, documento, fotografía, objeto tangible, estructura o lugar que sea relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado.

(5) El récord de convicciones criminales previas del acusado.

(6) Cualquier informe preparado por agentes de la Policía en relación con las causas seguidas contra el acusado que sea relevante para preparar adecuadamente la defensa del acusado. El descubrimiento de esta prueba estará sujeto a las siguientes condiciones:

(A) Que los objetos, libros, documentos y papeles que el acusado interesa examinar se relacionan o describen con suficiente especificación;

(B) que no afecte la seguridad del Estado ni las labores investigativas de sus agentes policíacos, y

(C) que la correspondiente moción del acusado sea presentada con suficiente antelación a la fecha señalada para la celebración del juicio, de manera que no haya innecesarias dilaciones en los procedimientos ni se produzcan molestias indebidas a los funcionarios del Estado.

(b) **El Ministerio Fiscal revelará toda aquella evidencia exculpatoria del acusado que tenga en su poder.**

(c) el Ministerio Fiscal deberá informar al tribunal si el material o la información solicitada no se encuentra en su posesión, custodia o control, en cuyo caso el tribunal ordenará a la persona o entidad que la posea, custodie o controle, que la ponga a la disposición del acusado.

(d) No estarán sujetos a descubrimiento o inspección de la defensa los escritos de investigación legal, informes, memorandos, correspondencia u otros documentos internos que contengan opiniones, teorías o conclusiones del Ministerio Fiscal. (Énfasis nuestro.)

La obligación del fiscal de descubrir información o evidencia a la defensa se activa con la presentación del pliego acusatorio, esto es, con la denuncia en caso de delito menos grave o con la acusación en casos de delito grave. El alcance del descubrimiento de prueba se limita al material o información que esté en posesión, custodia o control del Ministerio Fiscal. Si el material o información que se solicita no se encuentra en la posesión o custodia del Ministerio Fiscal, éste deberá así informarlo al tribunal para que se expida la orden judicial a la persona o entidad que tenga la posesión o control del material o información.[19]

La Regla 95 (a) (2) de Procedimiento Criminal, supra, provee para el descubrimiento, a favor de la defensa, de copia de cualquier declaración jurada de los testigos de cargo que hayan testificado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales previos de éstos. La referida norma procesal provee para que el Ministerio Fiscal sólo tenga que descubrir a la defensa las declaraciones juradas de los testigos de cargo, luego que éstos testifiquen por primera vez en alguna etapa de los procedimientos, salvo que el Pueblo no utilice el testigo antes del juicio y durante el mismo renuncia a usarlo.[20]

---

[19] Chiesa Aponte, op. cit., pág. 231.

[20] Chiesa Aponte, op. cit., pág. 234.

Nuestro ordenamiento estatutario vigente limita el alcance del descubrimiento de prueba a ser realizado por el acusado a la declaración jurada del testigo de cargo que se relaciona con el contenido de su testimonio, vertido en cualquiera de las etapas del procedimiento criminal seguido en su contra, sobre los hechos imputados en el pliego acusatorio. Nuestra norma jurisprudencial no alcanza, hasta el momento, el contenido de una declaración jurada prestada por tal testigo de cargo, que ofreció testimonio en alguna de las etapas del procedimiento criminal, en otro caso que versa sobre hechos distintos y que produjo imputaciones de delito público contra otra persona.

La Regla 95 de las de Procedimiento Criminal, <u>supra</u>, rige el descubrimiento de prueba que realizará el Ministerio Fiscal en favor del acusado, previa moción sometida a esos efectos. Dicha regla fue actualizada por la Ley Núm. 58, <u>supra</u>, la cual derogó la anterior Regla 95 de las de Procedimiento Criminal y adicionó, además, las Reglas 95A y 95B, <u>supra</u>. La intención legislativa detrás de este estatuto surge de los informes sometidos por las Comisiones de lo Jurídico de cada Cuerpo de la Asamblea Legislativa. **Así, el Informe de la Comisión de lo Jurídico del Senado expresa que la medida propone derogar la Regla 95 de Procedimiento Criminal de 1963, hasta ese entonces vigente, y adicionar dos (2) reglas nuevas con el fin de establecer un procedimiento de descubrimiento que incorpore las interpretaciones judiciales que han ido ampliando el alcance de dicho mecanismo investigativo, permitiendo un mayor acceso al sumario fiscal e incluyendo otro tipo de prueba no especificada en su texto.**[21] De la misma manera, se pretendía permitir, por

---

[21] Véase Informe de Proyecto del Senado 1526 de 13 de abril de 1988, pág. 2.

primera vez en nuestra jurisdicción, el descubrimiento de prueba a favor del Ministerio Fiscal. En relación con lo anterior, dicho Informe expresa lo siguiente:[22]

> La Regla 16 de la de Procedimiento Criminal Federal permite el descubrimiento de prueba a ambas partes, aunque más limitado cuando es a favor del fiscal. **Ello, debido a que se considera que al ampliar los mecanismos de prueba en el procedimiento criminal se contribuye a una más eficiente y justa administración dentro del sistema criminal.** <u>Notes of Advisory Committee on Rules</u>, Federal Criminal Code and Rules, West Publishing Co., 1987, págs. 72 a 78.

> **En esta misma dirección, el Informe Sobre Reglas de Procedimiento Criminal de Puerto Rico según revisadas por el Secretariado de la Conferencia Judicial de 1985, recomienda la adopción de un esquema de descubrimiento similar al que contiene las Reglas Federales.**

> **La medida recoge el esquema de la Regla 16 Federal que fue a su vez aceptado en el Informe de la Conferencia Judicial.**

> **La medida contribuirá a lograr una más eficiente y justa administración de la justicia criminal.** (Énfasis nuestro.)

**El Informe de la Comisión de lo Jurídico Penal de la Cámara de Representantes añade, que la medida propuesta contiene una serie de elementos nuevos, en beneficio de ambas partes en un proceso criminal, las cuales tienen por objetivo la búsqueda de la verdad en forma justa, rápida, económica a tenor con lo establecido en las Reglas de Evidencia.**[23]

Como bien señala el Informe de la Comisión de lo Jurídico del Senado, el Secretariado de la Conferencia Judicial revisó en 1985 el Proyecto de Reglas de Procedimiento Criminal sometido en 1978 ante el Tribunal Supremo de Puerto Rico por su Comité de Procedimiento Criminal, con el fin de permitir un descubrimiento de prueba más amplio, que recogiera la tendencia hacia la liberación del mismo por parte del Ministerio Fiscal en favor

---

[22] Íd., pág. 3.

[23] Véase Informe de 10 de mayo de 1988, pág. 2.

del acusado y hacia una particularización de parte del acusado a favor del Ministerio fiscal.[24] En su escrito, "Taller de Reglas de Procedimiento Criminal, Documento de Trabajo, Descubrimiento de Prueba", en las páginas 14 y 15, se hace un recuento de la jurisprudencia normativa que había ampliado el alcance de la entonces vigente Regla 95, supra. Dicho listado contiene jurisprudencia de este Tribunal, así como jurisprudencia emitida por el Tribunal Supremo de Estados Unidos relacionada con la Regla 16 de las de Procedimiento Criminal Federal, particularmente, se hizo mención de los casos Brady v. Maryland,[25] U.S. v. Agurs,[26] y U.S. v. Bagley.[27]

En específico, la Regla 16 de Procedimiento Criminal Federal lee, en lo pertinente, de la manera siguiente:[28]

(a)   Governmental Disclosure of Evidence

(1)   Information Subject to Disclosure.

(A)   **Statement of Defendant**. Upon request of a defendant the government must disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any

---

[24] Véase el escrito titulado "Taller de Reglas de Procedimiento Criminal, Documento de Trabajo, Descubrimiento de Prueba" del Secretariado de la Conferencia Judicial de Puerto Rico, Mayo 1989, págs. 5 y 11.

[25] 373 U.S. 83 (1963).

[26] 427 U.S. 97 (1976); 96 S. Ct. 2392 (1976).

[27] 473 U.S. 667 (1985).

[28] Federal Rule of Criminal Procedure, R. 16.

person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged. The government must also disclose to the defendant the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial. Upon request of a defendant which is an organization such as a corporation, partnership, association or labor union, the government must disclose to the defendant any of the foregoing statements made by a person who the government contends (1) was, at the time of making the statement, so situated as a director, officer, employee, or agent as to have been able legally to bind the defendant in respect to the subject of the statement, or (2) was, at the time of the offense, personally involved in the alleged conduct constituting the offense and so situated as a director, officer, employee, or agent as to have been able legally to bind the defendant in respect to that alleged conduct in which the person was involved.

(B)  **Defendant's Prior Record.** Upon request of the defendant, the government shall furnish to the defendant such copy of the defendant's prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

(C)  **Documents and Tangible Objects.** Upon request of the defendant the government shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, **which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as**

> **evidence in chief at the trial, or were obtained from or belong to the defendant.** (Énfasis nuestro.)

(D)   **Reports of Examinations and Tests**
Upon request of a defendant the government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial.

(E)   ...

(2) **Information Not Subject To Disclosure**

Except as provided in paragraphs (A), (B), (D), and (E) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by attorney for the government or any other government agent investigating or prosecuting the case. Nor does the rule authorize the discovery or inspection of statements made by government witness except as provided in 18 U.S.C. § 3500.

(3) ...

En relación con el inciso (a)(1)(C) de la referida Regla 16, Wright[29] expone lo siguiente:

> If defendant requests discovery because he thinks the document sought are material to the preparation of his defense, he must make a prima facie showing of materiality. The Supreme Court has emphasized that documents sought be "material to the preparation of the defendant's defense." It held that Rule 16(a)(1)(C) authorizes defendants to examine Government documents material to the preparation of their defense against the Government's case-in-chief, but not to the prosecution of selective-prosecution claims." It is said that to satisfy the requirement of

---

[29] C.A. Wright, _Federal Practice and Procedure: Criminal_, 3d, Minnesota, Ed. West Publishing Co., 2000, Vol. 2, págs. 107-109.

materiality a defendant must demonstrate some
indication that the pretrial disclosure of the
disputed evidence would enable defendant significantly
to alter the quantum of proof in his or her favor.

Las consideraciones de naturaleza constitucional no pueden
ser obviadas en la determinación sobre si la petición de la
defensa para descubrir cierto material mediante el mecanismo de
descubrimiento de la prueba es procedente.[30] Así fue establecido
por el Tribunal Supremo de Estados Unidos en Brady v. Maryland,
supra y la secuela de casos que han expandido la norma allí
sentada.[31] El Tribunal Supremo de los Estados Unidos, expresó en
Brady lo siguiente:[32]

> We now hold that **the suppression by the prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.** (Énfasis nuestro.)

En U.S. v. Bagley, supra,[33] el Tribunal Supremo de Estados
Unidos añadió lo siguiente:

> **The *Brady* rule is based on the requirement of due process. Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur. Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.** (Énfasis nuestro)

Allí, se estableció, considerando los aspectos
constitucionales envueltos, el criterio rector sobre la

---

[30] C.A. Wright, supra, págs. 125-127.

[31] Giles v. Maryland, 386 U.S. 66 (1967), 87 S.Ct. 793; Giglio v. U.S., 405 U.S.150 (1972), 92 S.Ct. 763; DeMarco v. U.S., 415 U.S. 449 (1974), 94 S.Ct. 1185; Ring v. U.S., 419 U.S. 18 (1974), 95 S. Ct. 164; U.S. v. Agurs, supra; Weatherford v. Bursey, 429 U.S. 545 (1977), 97 S.Ct. 837; U. S. v. Bagley, supra; Kyles v. Whitley, 514 U.S. 419 (1995), 115 S.Ct. 1555; Wood v. Bartlolomew, 516 U.S. 1 (1996), 116 S.Ct. 7; Strickler v. Greene, 527 U.S. 263 (1999), 119 S.Ct. 1936.

[32] 83 S.Ct. at 1196-1197.

[33] 105 S.Ct. at 3380-3381.

materialidad de lo requerido por la defensa, mediante el

descubrimiento de prueba:[34]

> The evidence **is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different**. A **"reasonable probability"** is a probability sufficient to undermine confidence in the outcome. (Énfasis nuestro.)

En 1995, el Tribunal Supremo de Estados Unidos en <u>Kyles v.</u>

<u>Whitley</u>, <u>supra</u>, reafirmó la obligación impuesta al Ministerio

Fiscal, por imperativo del derecho constitucional a un debido

proceso de ley, de divulgar evidencia favorable al acusado:[35]

> The prosecution's affirmative duty to disclose evidence favorable to a defendant can trace its origins to early 20th-century strictures against misrepresentation and is of course most prominently associated with this Court's decision in *Brady v.* <u>*Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215</u> <u>1963)</u>. See <u>*id.,* at 86, 83 S.Ct., at 1196</u> (relying on *Mooney v. Holohan,* 294 U.S. 103, 112, 55 S.Ct. 340, 341-342, 79 L.Ed. 791 (1935), and *Pyle v. Kansas,* 317 U.S. 213, 215-216, 63 S.Ct. 177, 178-179, 87 L.Ed. 214 (1942)). ...
>
> ...
>
> Four aspects of materiality under *Bagley* bear emphasis. Although the constitutional duty is triggered by the potential impact of favorable but undisclosed evidence, a showing of materiality does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal (whether based on the presence of reasonable doubt or acceptance of an explanation for the crime that does not inculpate the defendant). <u>*Id.,* at 682, 105 S.Ct.,</u> <u>at 3383-3384</u> (opinion of Blackmun, J.) (adopting formulation announced in <u>*Strickland v. Washington,*</u> <u>466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d.</u> <u>674 (1984))</u>; <u>*Bagley, supra,* 473 U.S., at 685, 105</u> <u>S.Ct., at 3385</u> (White, J., concurring in part and concurring in judgment) (same); see <u>473 U.S., at 680,</u> <u>105 S.Ct., at 3382-3383</u> (opinion of Blackmun, J.) ... <u>*Bagley 's*</u> **touchstone of materiality is a "reasonable probability" of a different result, and the adjective is important**. The question is not whether the defendant would more likely than not have received a different verdict with the evidence, **but whether in its absence he received a fair trial,** understood as a trial resulting in a verdict worthy of confidence. A "reasonable probability" of a different result is

---

[34] 105 S. Ct. at 3383.

[35] 115 S. Ct. at 1565-1567.

accordingly shown when the government's evidentiary suppression "undermines confidence in the outcome of the trial." ***Bagley*, 473 U.S., at 678, 105 S.Ct., at 3381.**

The second aspect of *Bagley* materiality bearing emphasis here is that it is not a sufficiency of evidence test. A defendant need not demonstrate that after discounting the inculpatory evidence in light of the undisclosed evidence, there would not have been enough left to convict. The possibility of an acquittal on a criminal charge does not imply an insufficient evidentiary basis to convict. **One does not show a *Brady* violation by demonstrating that some of the inculpatory evidence should have been excluded, but by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.** (Énfasis nuestro.)

...

Por último, en Strickler v. Greene, supra, el Tribunal Supremo de Estados Unidos formuló el criterio para evaluar y determinar si se ha cometido una violación a la Regla Brady de divulgación de evidencia:[36]

**There are three components of a true Brady violation: the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; the evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.** (Énfasis nuestro.)

El alcance de la Regla Brady se ha extendido para incluir **evidencia impugnatoria si la confiabilidad del testigo es determinante para la inocencia o culpabilidad del acusado.**[37] Es necesario mencionar que el caso Brady no crea una regla de descubrimiento.[38] No obstante, tiene una implicación de naturaleza constitucional importantísima respecto al

---

[36] 119 S. Ct. at 1949.

[37] C.A. Wright, supra, pág. 127, citando a su vez a U.S. v. Bagley, supra y Giglio v. U.S., supra. Véase también Strickler v. Greene, supra.

[38] C.A. Wright, supra, pág. 135.

descubrimiento de prueba.[39]  En relación con lo anterior, Wright

expresa lo siguiente:

> Further, if evidence is "material either to guilt or
> punishment" and "favorable to an accused," within the
> Brady formulations, **it seems that a fortiori it must
> be "material to the preparation of his defense" within
> subdivisions (C) and (D) of Rule 16(a)(1).**  (Énfasis
> nuestro.)

Añade, a la página 139, comentando lo pautado por el

Tribunal Supremo de Estados Unidos en <u>U.S. v. Agurs</u>, <u>supra</u>,

<u>Kyles v. Whitley</u>, <u>supra</u>, y <u>Dennis v. U.S.</u>[40] lo siguiente:

> When passing on requests for discovery under Rule 16,
> in doubtful cases **courts should grant discovery sought
> under the rule and thereby avoid the constitutional
> questions posed by Brady. This is consistent with the
> Supreme Court's admonition that "disclosure, rather
> than suppression, of relevant materials ordinarily
> promotes the proper administration of justice," and
> with its statement that when there is a substantial
> basis for claiming that material is within Brady, the
> prosecutor should either furnish the information to
> the defendant or submit the problem to the trial
> judge**.  (Énfasis nuestro.)

De determinarse que cierto material solicitado por la

defensa está comprendido por la doctrina de Brady, y debe ser

descubierto, los Tribunales Federales **han reconocido que dicho

descubrimiento de prueba debe efectuarse con un tiempo razonable

para que pueda ser usado con efectividad.**[41]  De la misma manera,

la American Bar Association promueve el pronto descubrimiento de

materia o evidencia cobijada por Brady para ser utilizada por la

defensa.[42]

IV

---

[39] C.A. Wright, <u>supra</u>, pág. 136.

[40] 384 U.S. 855 (1966), 86 S.Ct. 1840.

[41] Véase <u>U.S. v. Shoher</u>, 555 F. Supp. 346 (1983); <u>U.S. v. Pollack</u>, 534 F. 2d 964 (1976); <u>U.S. v. Deutsch</u>, 373 F. Supp. 289 (1974).

[42] ABA Standards for Criminal Justice 3-3.11 (3d ed. 1993) and 11-2.1 (3rd. ed. 1996).

¿Tiene derecho una persona contra quien se ha presentado pliego acusatorio, durante el curso de un procedimiento criminal, como parte del descubrimiento de prueba, a obtener copia de la declaración jurada prestada por un testigo de cargo anunciado para ser utilizado en su contra, en otro caso y relacionada con hechos distintos, por los que se le imputa la comisión de un delito a otra persona, cuando la teoría de la defensa es la mendacidad de tal testigo?  Contestamos dicha interrogante en la afirmativa.

Como mencionáramos previamente, la intención legislativa que promulgó la adopción de una nueva Regla 95 de las de Procedimiento Criminal fue la de ampliar el alcance del descubrimiento de prueba a tenor con la formulación de política pública diseñada sobre un disfrute más abarcador de la garantía constitucional a un debido proceso de ley para los acusados sometidos a un procedimiento criminal.  Sobre ese aspecto, opina el profesor Ernesto Chiesa que es procedente la revocación de una convicción cuando no se revela a la defensa evidencia exculpatoria en situaciones donde hay una probabilidad razonable de que el resultado hubiera sido distinto si el Ministerio Público hubiera entregado oportunamente la información.[43]

Nuestro desarrollo jurisprudencial posterior a la referida enmienda a la Regla 95, supra, acogió esa visión y fue liberalizando el descubrimiento de prueba a favor del acusado. En Pueblo v. Ortíz, Rodríguez[44] tuvimos la oportunidad de determinar si en la vista preliminar el Ministerio Público venía obligado a descubrir ciertas declaraciones exculpatorias

---

[43] Chiesa Aponte, op. cit., pág. 227; United States v. Bagley, supra; Pueblo v. Echevarría Rodríguez I, 128 D.P.R. 299 (1991).

[44] Res. el 8 de octubre de 1999, 99 TSPR 150, 149 D.P.R. ___ (1999), 99 J.T.S. 154.

realizadas por un testigo, cuyo testimonio iba a ser utilizado por la fiscalía en dicha vista para determinar causa probable. Es decir, si le asistía al imputado un derecho a que le fueran descubiertas ciertas declaraciones exculpatorias de un testigo en una etapa preliminar en el procesamiento criminal. Contestamos dicha interrogante en la afirmativa, luego de un ponderado estudio de la naturaleza y el propósito de la vista preliminar. En esa oportunidad expresamos que desde <u>Pueblo v. Padilla Flores</u>[45] quedó establecido que el imputado tiene derecho a demostrar que la imputación de delito realizada en su contra es injustificada o infundada desde la vista preliminar. Expresamos, que para que el imputado de delito pueda demostrar que el testimonio en su contra no es susceptible de ser creído, **tiene que poseer el derecho a recibir aquella prueba que lo haga posible.** Afirmamos, en ese caso, lo siguiente:

> En *Pueblo v. Padilla Flores, supra*, a la pág. 703, expresamos que, como en la vista preliminar el imputado tenía la oportunidad de establecer que la imputación en su contra era injustificada o infundada, en consecuencia de ello era "imperativo que se le garanti[zara] una representación legal adecuada y eficaz". **De igual modo, por la misma innegable lógica jurídica, es evidente que como el imputado tiene la oportunidad en la vista preliminar de demostrar que el testimonio en su contra no es susceptible de ser creído, en consecuencia de ello tiene también el derecho a obtener aquella prueba que lo haga posible. Ello incluye necesariamente el derecho a recibir aquellos documentos pertinentes o afines al referido derecho del imputado que el Ministerio Público tenga en su poder.** Frente al claro derecho de contrainterrogar del imputado, da lo mismo que las declaraciones de los testigos de cargo en manos del Ministerio Público sean juradas o no. Véase, *Pueblo v. Delgado*, 106 D.P.R 441 (1977). **Si el imputado no tuviese el derecho de recibir los documentos referidos, sería hueca e inconsecuente la oportunidad que reiteradamente le hemos reconocido en la vista preliminar para contrainterrogar los testigos de cargo y demostrar que su testimonio no es susceptible de ser creído.**

---

[45] 127 D.P.R. 698 (1991).

Nótese que no se trata de un derecho irrestricto de descubrimiento de prueba. No estamos reconociendo un derecho a una "expedición de pesca" en los archivos de fiscalía. En esta temprana etapa del proceso criminal el imputado sólo tiene derecho a demostrar que es improbable que se haya cometido el delito imputado o que él sea el autor de éste. **Por ende, además de las declaraciones juradas de los testigos usados por fiscalía, sólo puede tener acceso a aquella otra prueba en manos del Ministerio Público que razonablemente tendería a demostrar, que el testimonio en contra del imputado "*no es confiable o no goza de una razonable garantía de veracidad*".** *Pueblo v. Andaluz Méndez*, supra. No se trata, por ejemplo, de prueba que tenga fiscalía sobre simples contradicciones de los testigos de cargo sino de aquella prueba de calidad suficiente como para derrotar la estimación de causa probable para acusar. Véase, *Pueblo v. Rodríguez Aponte, supra*, a la pág. 669. (Énfasis nuestro.)

En Pueblo v. Santa Cruz[46] establecimos que de una somera lectura de la Regla 95, supra, se desprende que para que el Ministerio Público venga obligado a descubrir para beneficio del acusado **cualquier libro o documento** basta con que se dé una de las siguientes tres circunstancias: (1) que el material solicitado sea relevante para preparar la defensa del acusado; (2) que el Ministerio Público se proponga utilizarlo en el juicio; ó (3) que el mismo haya sido obtenido del acusado o le perteneciera. Por lo tanto, basta con que el material solicitado **sea relevante** a la defensa del acusado para que surja la obligación del Ministerio Público de entregarlo.

Reiteramos que las interpretaciones que hace el Tribunal Supremo de Estados Unidos sobre el contenido de los derechos fundamentales garantizados por la Constitución de los Estados Unidos constituyen el mínimo de protección que estamos obligados a reconocer bajo nuestra propia Constitución.[47] Dichas

---

[46] Res. el 22 de septiembre de 1999, 99 TSPR 144, 149 D.P.R. ___ (1999), 99 J.T.S. 149.

[47] Pueblo v. Meléndez Rodríguez, 136 D.P.R. 587 (1994); Pueblo v. Rivera Colón, 128 D.P.R. 672 (1991); Pueblo v. Malavé González, 120 D.P.R. 470 (1988); Pueblo v. Falú Martínez, 116 D.P.R. 828 (1986); Pueblo v. Dolce, 105 D.P.R. 422 (1976).

interpretaciones no limitan nuestra facultad para reconocer mayor amplitud a las garantías constitucionales contenidas en la Constitución de Puerto Rico.

Nuestra Constitución garantiza a todo imputado de delito el derecho a preparar adecuadamente su defensa. El derecho al descubrimiento de prueba que pueda favorecerle es parte de esa garantía.[48] A la luz de lo anterior, constituiría un claro fracaso de la justicia, no permitirle a la defensa obtener las declaraciones juradas del testigo de cargo, Juan Franco Ortiz, ofrecidas en otros casos, bajo

las circunstancias particulares de este caso. Esa prueba ciertamente constituye aquella que el Ministerio Público debe poner a la disposición del imputado para que éste tenga una oportunidad real y efectiva de contrainterrogarlo y de demostrar que el testimonio del referido testigo no es susceptible de ser creído por mendacidad, a tenor con su teoría. Las declaraciones juradas solicitadas son prueba que puede conducir a una determinación judicial de que la credibilidad del testigo de cargo es altamente cuestionable. Un análisis de la información solicitada nos lleva a concluir que ésta es **relevante** para la adecuada defensa del acusado.

El fin último de todo procedimiento judicial es el esclarecimiento de la verdad y el triunfo de la justicia.[49] En consecuencia, entendemos que el Tribunal de Primera Instancia,

---

[48] Pueblo v. Santa Cruz, supra; Pueblo v. Echevarría Rodríguez I, supra; Pueblo v. Rodríguez Sánchez, supra; Pueblo v. Tribunal Superior, supra.
[49] Pueblo v. Ortiz, Rodríguez, res. el 8 de octubre de 1999, 99 TSPR 150, 149 D.P.R. ___ (1999), 99 J.T.S. 154; Pueblo v. Vega Rosario, res. el 1 de julio de 1999, 99 TSPR 112, 148 D.P.R. ___ (1999), 99 J.T.S. 114; Pueblo v. Arreche Holdun, 114 D.P.R. 99 (1983); Pueblo v. Delgado López, 106 D.P.R. 441 (1977); Pueblo v. Cancel Hernández, 111 D.P.R. 625 (1981).

Sala Superior de Arecibo, concluyó correctamente que las copias de las declaraciones juradas solicitadas por la defensa al Ministerio Fiscal y concedidas por el Tribunal de Primera Instancia debían ser entregadas a los fines de poder impugnar la credibilidad del testigo de cargo, señor Juan Franco Ortiz. Dicha determinación no constituye un abuso de discreción que amerite nuestra intervención.[50]

A tenor con la intención del legislador, que claramente surge del récord legislativo desde el 1 de julio de 1988, fecha de la aprobación de la Ley Núm. 58, supra, constituye un deber y obligación del Estado, por imperativo del derecho constitucional del acusado a un debido proceso de ley, suministrarle a la defensa, como parte del descubrimiento de prueba, copia de las declaraciones juradas prestadas por un testigo de cargo anunciado para ser utilizado en su contra, en otros casos e investigaciones relacionadas con hechos distintos **cuando éste ha demostrado la relevancia de su contenido con la teoría de la defensa, sobre la mendacidad de tal testigo.** La defensa tiene que demostrar, para ser acreedor a tal descubrimiento de prueba, que de no entregar el Estado dicha evidencia probablemente se privaría al acusado de un juicio imparcial. Tiene que demostrar que existe una razonable probabilidad de que el desfile de esa evidencia

---

[50] En U.S. v. Rosario-Peralta, 175 F.3d 48 (1999), el Tribunal Federal de Apelaciones para el Primer Circuito explica que el criterio para revisar la determinación de un tribunal inferior sobre si procedía o no el descubrimiento de una materia solicitada por la defensa, por estar cubierta por la doctrina de Brady, es el de abuso de discreción.

durante el juicio afectaría el resultado de los procedimientos conducidos en su contra.

Efraín E. Rivera Pérez<br>
Juez Asociado