EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* ÁNGEL L. PADILLA FLORES y JUAN A. CEBALLO FUENTES, acusados y peticionarios.

*Número:* CE-90-811          *Resuelto:* 16 de enero de 1991

*Fleming Castillo Alfaro,* de la *Sociedad para Asistencia Legal,* abogado de los peticionarios; *Norma Cotti Cruz, Subprocuradora General,* y *Ricardo E. Alegría Pons, Procurador General Auxiliar,* abogados de El Pueblo.

El Juez Presidente Señor Andréu García emitió la opinión del Tribunal.

I

Por unos hechos alegadamente ocurridos el 10 de septiembre de 1990, se presentaron sendas denuncias contra Ángel L. Padilla Flores y Juan A. Ceballo Fuentes por infracciones al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2401, y el Art. 234 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4430, delitos supuestamente cometidos por ambos imputados actuando en concierto y de común acuerdo.

El 19 de septiembre de 1990 uno de los abogados de la Sociedad para Asistencia Legal (en adelante la Sociedad) entrevistó al peticionario Ángel L. Padilla Flores y dicha entidad asumió su representación legal.

La vista preliminar fue señalada para el 2 de octubre de 1990. Ese día se le asignó a la Sociedad la representación del otro peticionario, el coacusado Juan A. Ceballo Fuentes. De la entrevista de éste surgió la existencia de conflicto de intereses en la representación de ambos peticionarios, por lo que la Sociedad objetó que se le asignara la representación del coacusado Ceballo Fuentes. Solicitó que se le relevara de la misma y que se le permitiera continuar representando al peticionario Padilla Flores, ya que había asumido la representación legal de éste antes de que le fuera asignada la representación del coacusado Ceballo Fuentes.

El tribunal de instancia declaró no ha lugar la solicitud de relevo de representación. En reconsideración, le requirió a la defensa que abundara sobre las razones de su solicitud para determinar si existía el alegado conflicto de intereses. La defensa alegó que de cumplir con dicho requerimiento estaría divulgando de antemano su prueba al Ministerio Fiscal y al juzgador de los hechos, lo que redundaría en una violación del derecho fundamental de los peticionarios a una representación legal adecuada y efectiva. El tribunal mantuvo su resolución original. En consecuencia, la defensa no contrainterrogó a los testigos durante la vista preliminar, pues estimó que de haberlo hecho hubiera resultado perjudicial a los intereses de uno de los peticionarios, a la vez que representaba eficazmente al otro. Se determinó la existencia de causa probable contra ambos peticionarios y se fijó el acto de la lectura de la acusación para el 2 de noviembre de 1990. El 23 de octubre de 1990 los peticionarios recurrieron al Tribunal Superior mediante una petición de *certiorari*, que fue declarada el 24 de octubre de 1990.

Inconforme, la Sociedad recurre ante nos y alega el error siguiente:

ERRO EL HONORABLE TRIBUNAL DE INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD DE RELEVO DE REPRESENTACION, VIOLANDO EL DERECHO CONSTITUCIONAL DE LOS PETICIONARIOS A UNA ASISTENCIA LEGAL ADECUADA. Petición de *certiorari*, pág. 3.

El 5 de noviembre de 1990 ordenamos al Hon. Procurador General mostrar causa por la cual no debía revocarse la resolución recurrida y, en consecuencia, relevar a la Sociedad de la representación del peticionario Juan A. Ceballo Fuentes. En su comparecencia, el Hon. Procurador General concurre con la posición de la Sociedad a los fines de que ésta sea relevada de la representación legal del recurrente Juan A. Ceballo Fuentes. Así procedemos a decretarlo y a anular la determinación de causa probable tomada en contra de ambos acusados por los delitos mencionados.

## II

■ Es precepto fundamental de nuestro ordenamiento constitucional el derecho de todo acusado a una representación legal adecuada y efectiva en todo proceso criminal. Art. II, Sec. 11, Const. E.L.A., L.P.R.A., Tomo 1. Esto naturalmente implica una representación legal libre de conflictos e intereses encontrados.

■ La representación conjunta, por un solo abogado, de dos (2) o más acusados plantea serios problemas en relación con la garantía constitucional de una adecuada representación y, de haber conflicto entre la defensa de uno y otro, se vulnera tal garantía constitucional. *Pueblo v. Gordon*, 113 D.P.R. 106, 108–109 (1982).

■ El requisito de demostración afirmativa de conflicto, y su efecto adverso, no es exigible cuando la defensa levanta la existencia del conflicto y alguno de los acusados objeta la representación conjunta por el mismo abogado antes de la etapa apelativa, esto es, durante el juicio o en las fases anteriores al mismo. *Pueblo v. Gordon*, supra, pág. 111. Véase, además, *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

En esos períodos anteriores a la etapa apelativa, basta que, de buena fe y utilizando su buen juicio, el abogado de los coacusados reconozca el conflicto para que proceda el relevo de representación. *Holloway v. Arkansas*, 435 U.S. 475, 485–486 (1978); *Cuyler v. Sullivan*, supra, pág. 347. Ello es así, pues es dicho abogado quien está en la mejor posición para detectar la existencia del mismo. El exigirle que divulgue en qué consiste tal conflicto implica divulgar su prueba al Ministerio Fiscal y al juzgador de los hechos, socavando así la misma representación legal adecuada que está éticamente llamado a brindar. *Burger v. Kemp*, 483 U.S. 776 (1987); *Strickland v. Washington*, 466 U.S. 668 (1984). Véanse, además: *Glasser v. United States*, 315 U.S. 60 (1942); *Chapman v. California*, 386 U.S. 18 (1967). El abogado defensor se colocaría en la situación conflictiva de brindar una representación adecuada y eficaz, a la vez que divulga las confidencias de un cliente que pueden afectar la defensa de otro. *Pueblo v. Gordon*, supra.

■ Adicionalmente, el Canon 21 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, prohíbe la representación legal cuando existe alguna posibilidad de conflicto de intereses. *In re Carreras Rovira y Suárez Zayas*, 115 D.P.R. 778 (1984). Por ello, como regla general, la representación conjunta de partes con potencial conflicto de interés es éticamente impermisible. *Sánchez Rodríguez v. López Jiménez*, 116 D.P.R. 172 (1985). Véase, también, *In re Concepción Suárez*, 111 D.P.R. 486 (1981).

### III

■ La vista preliminar es un acto propiamente judicial, de contornos definidos dentro del procedimiento criminal. *Pueblo v. Rodríguez Aponte*, 116 D.P.R. 653 (1985); *Pueblo v. Opio Opio*, 104 D.P.R. 165 (1975); *Hernández Ortega v. Tribunal Superior*, 102 D.P.R. 765, 771 (1974), opinión concurrente del Honorable Juez Asociado Díaz Cruz. El propósito de esta vista es evitar someter al ciudadano en forma arbitraria e injustificada a los rigores del proceso criminal. *Pueblo v. Rivera Alicea*, 125 D.P.R. 37 (1989);

*Pueblo v. Rodríguez Aponte*, supra, pág. 663; *Pueblo v. Opio Opio*, supra, pág. 171; *Pueblo v. Figueroa Castro*, 102 D.P.R. 279, 284 (1974); *Pueblo v. López Camacho*, 98 D.P.R. 700, 702 (1970). El imputado tiene la oportunidad, en esa temprana etapa del proceso criminal, de establecer que la imputación en su contra es injustificada o infundada. *Por ello, es imperativo que se le garantice una representación legal adecuada y eficaz.*

En el presente caso, la Sociedad solicitó oportunamente el relevo de representación del peticionario Juan A. Ceballo Fuentes por existir conflicto de intereses en la representación conjunta de los peticionarios, lo cual impedía brindarles la adecuada y eficaz representación legal a la que son acreedores constitucionalmente.

Al declararse no ha lugar la solicitud de relevo de representación, la Sociedad se vió en la encrucijada de que si contrainterrogaba a los testigos durante la celebración de la vista preliminar perjudicaría la defensa de uno de los peticionarios, a la vez que representaba eficazmente al otro. Ello privó a ambos imputados de una representación legal eficaz en violación de su derecho constitucional a estar debidamente asistidos de abogado en esta etapa del procedimiento criminal. *Rivera Escuté v. Jefe Penitenciaría*, 92 D.P.R. 765 (1965).

No estamos en posición de considerar, pues no se nos ha planteado, la conveniencia de relevar también a la Sociedad de la representación del coacusado Ángel L. Padilla Flores. Del hecho de que la Sociedad ha solicitado ser relevada de la representación de un coacusado solamente, presumimos que ésta ha determinado, después del correspondiente análisis concienzudo, que no existe conflicto adicional alguno respecto a la defensa *del otro* acusado. De no haberse hecho la mencionada determinación, a la luz de la expresada preocupación, instruimos a la Sociedad a reexaminar todas las circunstancias presentes en este caso a los fines de determinar si, a pesar de la renuncia que hoy autorizamos, subsiste todavía algún otro conflicto, y en caso afirmativo, a tomar las medidas necesarias para evitar el mismo.

Por lo antes expuesto, *se expide el auto solicitado que revoca la resolución recurrida y deja sin efecto la determinación de*

*causa probable de 2 de octubre de 1990 contra Juan A. Ceballo Fuentes y Ángel L. Padilla Flores por los delitos de infracción al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico y al Art. 234 del Código Penal de Puerto Rico. Regla 64(p) de Procedimiento Criminal vigente.*[1] *Se ordena la celebración de una vista preliminar separada en contra de cada uno de dichos acusados y se releva a la Sociedad para Asistencia Legal de la representación del peticionario Juan A. Ceballo Fuentes. Asimismo, se devolverá el caso al Tribunal Superior, Sala de Bayamón, para la tramitación de los procedimientos que sean necesarios a los fines de dar cumplimiento a lo dispuesto en esta opinión. Se dictará la correspondiente sentencia.*

---

[1]  "La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas sólo podrá basarse en uno o más de los siguientes fundamentos:

"(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho." 34 L.P.R.A. Ap. II, R. 64.