EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>vs.<br><br>Bryan Pillot Rentas<br><br>Recurrido | Certiorari<br><br>2006 TSPR 189<br><br>169 DPR \_\_\_\_ |

Número del Caso: CC-2005-332

Fecha: 20 de diciembre de 2006

Tribunal de Apelaciones:

> Región Judicial de Ponce

Juez Ponente:

> Hon. José M. Aponte Jiménez

Oficina del Procurador General:

> Lcda. Sariely Rosado Fernández
> Directora de Opininiones por
> comparecencia especial

Abogados de la Parte Recurrida:

> Lcdo. Arcelio A. Maldonado Aviles II

Materia: Asesinato, Estatutario, Robo Domicilio, Art. 18 Ley 8, Art. 240 del C.P., Art. 5.04 y 5.05 Ley de Armas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        vs.                    CC-2005-332    Certiorari

Bryan Pillot Rentas

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado SEÑOR FUSTER BERLINGERI.

San Juan, Puerto Rico, a 20 de diciembre de 2006.

Tenemos la ocasión para considerar si la Regla 49 de las de Evidencia, sobre escritos para refrescar memoria, es aplicable en la etapa de vista preliminar de un procedimiento criminal.

## I.

En julio de 2004 se presentaron varias denuncias contra Bryan Pillot Rentas (en adelante el recurrido) por los delitos de asesinato estatutario, robo domiciliario, apropiación ilegal de vehículo de motor, portación y uso de armas blancas, portación y uso de armas de fuego sin licencia y destrucción de prueba. Tras

determinarse causa probable para arrestar, en octubre de 2004 se celebró la correspondiente vista preliminar, al amparo de la Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II. En dicha vista el Ministerio Público presentó como prueba de cargo el testimonio del agente de homicidios Wilfredo Pérez Rosado. Después de su examen directo, la fiscal a cargo del caso le proveyó a la defensa una copia de la declaración jurada prestada por dicho testigo.

En el contrainterrogatorio del agente Pérez, la defensa le preguntó a éste si había utilizado las notas que tomó durante la investigación del caso para refrescar su memoria antes de declarar. El agente respondió en la afirmativa. Acto seguido, la defensa solicitó que se le permitiera revisar las notas referidas, al amparo de la Regla 49 de Evidencia, 32 LPRA Ap. IV. Planteó que dichas notas constituían un escrito para refrescar la memoria.

Por su parte, el Ministerio Público se opuso a la referida solicitud de la defensa. Adujo que, según la Regla 95 de Procedimiento Criminal, 34 LPRA Ap. II., las notas de la investigación de un caso no están sujetas a ser descubiertas en la etapa de vista preliminar. Argumentó además que la defensa intentaba conducir una "expedición de pesca".

Escuchados los argumentos de las partes, el Tribunal de Primera Instancia denegó la aludida solicitud de la defensa. Fundamentó su denegatoria explicando de manera escueta que, en la etapa en que se encontraban los

procedimientos, la única obligación del Ministerio Público era entregar una copia de la declaración jurada del testigo de cargo después del testimonio de éste. Inconforme con tal dictamen, el recurrido presentó un recurso de *certiorari* ante el Tribunal de Apelaciones y alegó, en síntesis, que había incidido el foro de primera instancia al no aplicar en la vista preliminar en cuestión la citada Regla 49 de Evidencia.

El Tribunal de Apelaciones expidió el auto según solicitado y en una decisión con votación de dos a uno, dejó sin efecto la resolución recurrida. Ordenó que se le permitiera a la defensa tener acceso a las notas del agente investigador en la vista preliminar pendiente. Determinó dicho foro que la Regla 49 de las de Evidencia, *supra*, confería al imputado —aun en la vista preliminar— el derecho a examinar las notas utilizadas por el testigo de cargo para refrescar su memoria antes de declarar, sujeto a que dicha información no fuese privilegiada y a que su divulgación no afectase la seguridad pública o las labores investigativas de la policía.

No conforme con el referido dictamen del foro apelativo, el Procurador General recurrió ante nos y solicitó que aclaráramos si la Regla 49 de Evidencia era aplicable en una vista preliminar como la del caso de autos; y de ser ello así, que precisáramos cuál era el

alcance de la Regla.[1] Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A. La vista preliminar

La celebración de la vista preliminar para acusar está regulada por la Regla 23 de Procedimiento Criminal, *supra*. Es doctrina harto conocida que el magistrado ante el cual ésta se celebre debe limitarse a determinar si existe o no causa probable para creer que se ha cometido un delito y que éste ha sido cometido por el acusado. Pueblo en interés del menor GRS, 149 D.P.R. 1 (1999); Del Toro v. E.L.A., 136 D.P.R. 973 (1994); Vázquez Rosado v. Tribunal Superior, 100 D.P.R. 592 (1972). Como hemos señalado en numerosas ocasiones, mediante la vista preliminar sólo se pretende determinar si existe una justificación adecuada para que el Estado entable un proceso judicial por la comisión de un delito grave en contra de un imputado y lo someta "a los rigores y contingencias de un juicio plenario". Pueblo v. Rodríguez Aponte, 116 D.P.R. 653, 665 (1985); Pueblo v. Andaluz Méndez, 143 D.P.R. 656 (1997); Pueblo en interés del menor GRS, *supra*. En ella no se establece la

---

[1] El Procurador General formuló su señalamiento de error en los siguientes términos:

Erró el Honorable Tribunal de Apelaciones al concluir que al amparo de la Regla 49 de las de Evidencia, el imputado tenía derecho a examinar las notas investigativas del testigo de cargo (agente del orden público) en dicha temprana etapa de los procedimientos.

culpabilidad o inocencia del acusado, ya que no se realiza una adjudicación final del caso. Pueblo en interés del menor GRS, *supra*. Por ello hemos expresado una y otra vez que **"el juicio en su fondo es el momento realmente culminante y crítico" del proceso penal**. Pueblo v. Andaluz Méndez, *supra*, pág. 662; Pueblo v. Rodríguez Aponte*, supra*, pág.660.

En vista de la naturaleza de la vista preliminar, hemos determinado que para que se encuentre causa probable para acusar basta con que el Ministerio Público presente prueba que tienda a establecer la coincidencia de todos los elementos de un delito y su conexión con el imputado. Por lo tanto, aunque el peso de la prueba recae sobre el fiscal, "ésta no tendrá que ser ... [tan] convincente como para sostener una convicción". Pueblo v. Rodríguez Aponte*, supra*, pág. 664. Además, hemos resuelto que el magistrado que preside la vista preliminar tiene cierta discreción para decidir no escuchar prueba de defensa una vez se convence de la existencia de causa probable para acusar. Pueblo v. Andaluz Méndez, *supra*, pág. 663.

Sin embargo, también hemos resuelto reiteradamente que **la persona sometida a una vista preliminar no se encuentra desprovista de garantías para salvaguardar sus intereses.** Así, la referida discreción del magistrado para no escuchar prueba de defensa no es absoluta, ya que no la tiene cuando se trata de prueba que "por su naturaleza demuestra en forma [concluyente] que el imputado no cometió el delito

imputado, que cometió un delito menor o que se violaron garantías o privilegios constitucionales que justifican su exoneración en esa etapa...". Pueblo v. Andaluz Méndez, *supra*, pág. 663 (énfasis omitido). Así mismo, "el imputado tiene derecho a demostrar lo contrario a lo que haya intentado probar el Ministerio Público". Pueblo v. Ortiz Vega, 149 D.P.R. 363, 375 (1999); Pueblo v. Vélez Pumarejo, 113 D.P.R. 349 (1982). En la vista preliminar, hemos señalado antes, "el imputado tiene la oportunidad ... de establecer que la imputación en su contra es injustificada o infundada". Pueblo v. Padilla Flores, 127 D.P.R. 698, 703 (1991).

Otra de las garantías que asisten al imputado es que una determinación de causa probable para acusar tiene que estar sostenida por prueba de cargo admisible conforme a nuestro Derecho Probatorio y tiene que ser suficiente en Derecho para establecer un caso *prima facie* contra el imputado. Pueblo v. Rodríguez Aponte*, supra*. Por ello, en Pueblo v. Andaluz Méndez, *supra*, pág. 662, afirmamos que en la vista preliminar "el Ministerio Público debe presentar evidencia, legalmente admisible en un juicio plenario, sobre todos los elementos del delito imputado en la denuncia y su conexión con el imputado". Véase, además, Pueblo v. Rodríguez Aponte, *supra*, pág. 664. Con dicho pronunciamiento quisimos enfatizar que la prueba de cargo que se estime suficiente para establecer el *quantum* de

prueba requerido en la vista preliminar, debe ser prueba que sería legalmente admisible en un juicio.

**B.   Aplicabilidad de las Reglas de Evidencia en la vista preliminar**

Este Foro no ha resuelto nunca que las Reglas de Evidencia como tal son aplicables en los procesos de vista preliminar. Veamos brevemente el trasfondo de la situación.

En el año 1979 el Comité de Reglas de Evidencia de la Conferencia Judicial presentó un Proyecto de Reglas de Evidencia. Mediante dicho proyecto se procuraba que las reglas referidas fuesen definitivamente aplicables en los procedimientos de vista preliminar. El proyecto aludido no fue adoptado por este Foro.

Otro proyecto presentado el mismo año por el Secretariado de la Conferencia Judicial también disponía originalmente que las Reglas de Evidencia serían aplicables en la vista preliminar. Ese último proyecto sí fue adoptado por este Tribunal, y posteriormente fue aprobado por la Asamblea Legislativa, pero en su versión final no se hizo referencia alguna a la aplicabilidad de dichas Reglas en la vista preliminar. En efecto, en Pueblo v. Esteves Rosado, 110 D.P.R. 334, 336 esc. 2 (1980), comentamos en una nota al calce que no considerábamos como accidental la exclusión en el proyecto de una disposición expresa sobre la aplicabilidad a la vista preliminar de las Reglas referidas. No obstante, reconocimos allí que a los fines de

resolver el caso en ese momento ante nuestra consideración, no era necesario determinar si las reglas aplicaban a los procedimientos en vista preliminar, por lo que el asunto se mantuvo en *quaere*. De igual manera nos abstuvimos de resolver dicha interrogante en Pueblo v. Ortiz Tirado, 116 D.P.R. 868 esc. 9 (1986), y posteriormente en El Vocero de P.R. v. E.L.A., 131 D.P.R. 356 esc. 13 (1992). Sin embargo, en Pueblo v. Rodríguez Aponte*, supra*, a la pág. 668, resolvimos expresamente que dado "el carácter limitado de la vista preliminar, la prerrogativa del Ministerio Fiscal de no presentar en la misma toda la prueba que posea no activa la presunción que la Regla 16(5) de Evidencia contempla para el juicio".[2]

De lo anterior resulta evidente que este Tribunal no ha creído procedente extender a la vista preliminar la aplicabilidad de las Reglas de Evidencia como tal. A pesar de que hemos tenido ocasión para ello, no hemos favorecido determinar que dichas Reglas, como un cuerpo de normas, sean aplicables en su totalidad a los procedimientos de vista preliminar. Ello es cónsono con la discusión de este asunto que se llevó a cabo en la Sexta Sesión Plenaria de la Conferencia Judicial, realizada en diciembre de 1979. En ese conclave los jueces del país discutieron si era conveniente la aplicación de las Reglas de Evidencia a los procedimientos de vista preliminar, y hubo un consenso en

---

[2] Según la Regla 16(5): "toda evidencia voluntariamente suprimida resultará adversa si se ofreciere." 32 L.P.R.A. Ap. IV.

cuanto a que dichas reglas **no debían aplicarse como tal a los procedimientos referidos**. Prevaleció, más bien, la idea que algunas reglas particulares debían aplicarse en determinados momentos, **"en la forma y manera en que ello se pueda hacer"**, según las circunstancias especiales del caso, y según la discreción del magistrado que preside la vista preliminar. Véase, *Memorias de la Sexta Sesión Plenaria de la Conferencia Judicial de Puerto Rico*, 1979, págs. 96-97, 105 y 121. Véase, además, E. L. Chiesa, *Práctica Procesal Puertorriqueña – Evidencia*, (1986) Notas, págs. 1-2.

En vista de lo anterior, nuestro examen en el caso de autos se reduce a considerar si la regla particular de evidencia sobre escritos para refrescar la memoria, la Regla 49, debe aplicarse en un procedimiento de vista preliminar. Veamos.

### C.  Los escritos para refrescar memoria

Es natural que con el pasar del tiempo, el recuerdo sobre cualquier evento se vaya desvaneciendo. El sentido común nos indica, sin embargo, que la memoria de un evento puede ser revivida, en la mente de aquel que lo percibió cuando ocurrió, mediante un escrito o cualquier otro medio (una imagen, un sonido, un aroma, por ejemplo). A estos efectos, para permitir que los testigos revivan su recuerdo, se desarrolló la normativa sobre escritos para refrescar memoria.

Ahora, también como cuestión de sentido común, sabemos que aun los recuerdos de una persona honesta pueden ser erróneos.[3] Por esto las propias reglas que permiten a los testigos refrescar su memoria mediante la utilización de escritos, proveen para que la parte contraria tenga acceso a los mismos.[4] Con el escrito particular en mano, el abogado de la parte contraria tiene la oportunidad de cuestionar la credibilidad del testigo así como su aseveración en cuanto a que su memoria fue refrescada mediante dicho escrito. Además, puede encontrar discrepancias entre el testimonio y el escrito y puede presentar este último como prueba.[5]

La Regla 49 de Evidencia, *supra*, establece lo siguiente:

(A)    Sujeto a lo dispuesto en el inciso (C) de esta regla, si un testigo durante su testimonio o con anterioridad al mismo, utilizare un escrito para refrescar su

---

[3] "[T]he sincerity of the feeling is no guarantee of the correctness of the image recalled. The danger that the mind will 'remember' something that never happened is at least as great here as in the case of leading questions." *McCormick on Evidence*, 5ta ed., West Group, 1999, pág. 34.

[4] "[T]he use of a writing to refresh recollection also can pose a danger to important policy interests. The power of suggestion embodied in a writing can create a false memory. The witness may be unable to distinguish such a false memory from that based on actual perception. Where this occurs, refreshing recollection undermines, rather than promotes, accurate fact finding." *Wright & Gold, Federal Practice and Procedure: Evidence,* § 6182, págs. 443-444.

[5] "For instance, if there is no evident nexus between the contents of the writing and the nature of the fact purportedly remembered, the crossexaminer can attack the plausibility of the witness's testimony that viewing the writing helped the witness remember the fact." *McCormick on Evidence*, 5ta ed., West Group, 1999, pág. 36.

memoria con respecto a cualquier asunto objeto de su testimonio, será necesario presentar en la vista dicho escrito a solicitud de cualquier parte adversa, y a menos que dicho escrito sea presentado, se ordenará la eliminación del testimonio del testigo sobre dicho asunto.

(B) Si se presenta dicho escrito en la vista, la parte adversa puede, si así lo desea, inspeccionar el mismo, contrainterrogar al testigo sobre tal escrito, y presentar en evidencia cualquier parte de dicho escrito que sea pertinente al testimonio del testigo.

(C) Se eximirá la presentación del escrito en el juicio, y el testimonio del testigo no será eliminado, si dicho escrito:

(1) No está en posesión o bajo control del testigo o de la parte que ofreció su testimonio sobre el particular; y

(2) dicho escrito no era razonablemente asequible a dicha parte mediante el uso de las cédulas u órdenes para la presentación de evidencia documental o por cualquier otro medio disponible.

Dicho precepto fue adoptado siguiendo la sección 771 del Código de Evidencia de California,[6] pero los contornos

---

[6] Dicha sección 771 lee como sigue:

(a) Subject to subdivision (C), if a witness, either while testifying or prior thereto, uses a writing to refresh his memory with respect to any matter about which he testifies, such writing must be produced at the hearing at the request of an adverse party and, unless the writing is so produced, the testimony of the witness concerning such matter shall be stricken.

(b) If the writing is produced at the hearing, the adverse party may, if he chooses, inspect the writing, cross examine the witness concerning it, and introduce in

generales de la normativa sobre escritos para refrescar la memoria están presentes en diferentes ordenamientos probatorios, incluyendo las Reglas Federales de Evidencia.[7]

Según explica el Profesor Chiesa, la referida Regla 49 pretende alcanzar un balance entre permitir a un testigo que refresque su memoria con algún escrito y permitir a la parte contraria emplear dicho escrito para contrainterrogar

_____

evidence such portion of it as may be pertinent to the testimony of the witness.

(c) Production of the writing is excused, and the testimony of the witness shall not be stricken, if the writing:

1. Is not in the possession or control of the witness or the party who produced his testimony concerning the matter; and

2. Was not reasonably procurable by such party through the use of the court's process or other available means. *West Annotated California Codes*. Evidence Code, §§ 600-799. West, St Paul, 1995, Vol. 29B Pt. 2.

[7] Los profesores Mueller y Kirkpatrick, comentan lo siguiente:

Like all mortals, witnesses forget. When questioning is stymied by the inability of the witness to recollect the matters at hand, the lawyer is generally permitted to attempt to "refresh his recollection." Usually that means that the lawyer gently reminds the witness of something he has said before, perhaps in a written statement or affidavit or in a deposition, and FRE 612 expressly recognizes this technique: In time-honored tradition, the lawyer hands the statement to the witness, asks him to read it, and then asks whether "his memory is now refreshed." If he says yes, the lawyer proceeds with questioning on the subject at hand and elicits the desired information. Mueller & Kirkpatrick, *Evidence Under the Rules*, 4ta ed. Aspen Law & Business, 2000, pág. 559.

o para presentarlo como prueba. E. Chiesa, *Tratado de Derecho Probatorio*, Ed. Corripio, Tomo I, pág. 408. Se exige la presentación del escrito para permitirle a la parte adversa "un contrainterrogatorio más efectivo en torno a si el escrito le refrescó efectivamente la memoria, o meramente testificó a base del escrito, y examinar las discrepancias entre el testimonio y el contenido del escrito, bien para fines de impugnar credibilidad o presentar como evidencia ciertas partes del escrito". Id. págs. 412-413. Por otro lado, se contempla una excepción específica -sujeta al cumplimiento de dos requisitos- a la exigencia de presentación del documento, Regla 49 (c) (1) y (2), *supra*.

En la jurisdicción federal el uso de escritos para refrescar la memoria está regulado por la Regla 612.[8] Esta

_____

[8] La Regla 612 del Código de Evidencia Federal dispone lo siguiente:

> Except as otherwise provided in criminal proceedings by section 3500 of title 18, United States Code, if a witness uses a writing to refresh memory for the purpose of testifying, either—
>
> (1) while testifying, or
>
> (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court

difiere de la sección 771 del Código de Evidencia de California, *supra*, y por ende de nuestra regla, en ciertos asuntos, incluyendo la distinción entre el uso del escrito para refrescar la memoria mientras se testifica y su uso antes de testificar.[9] La regla federal dispone que cuando el escrito se utilizó antes del testimonio en corte, queda a discreción del Tribunal la presentación de dicho escrito a la parte contraria.[10] Esta diferencia –debida a una enmienda del Congreso ya que la regla que fue aprobada por el Tribunal Supremo federal no hacía la distinción– responde a la preocupación de que la regla se preste para conducir

---

shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto. Any portion withheld over objections shall be preserved and made available to the appellate court in the event of an appeal. If a writing is not produced or delivered pursuant to order under this rule, the court shall make any order justice requires, except that in criminal cases when the prosecution elects not to comply, the order shall be one striking the testimony or, if the court in its discretion determines that the interests of justice so require, declaring a mistrial. FRE 612, 28 U.S.C.A.

[9] B. Bergman & N. Hollander, *Wharton's Criminal Evidence*, West Group, 2000. vol. 5, § 56:6, pág. 763.

[10] Un número significativo de casos estatales ha repudiado la distinción entre escritos empleados para refrescar la memoria durante o antes de la vista. People v. Scott, 29 Ill.2d 97(1963); State v. Mucci, 25 N.J. 423(1957); State v. Hunt, 25 N.J. 514 (1958); State v. Desolvers, 40 R.I. 89, 100. Véase: Wright & Gold, *Federal Practice and Procedure: Evidence* § 6181, pág. 431. Véase, además, *Wigmore on Evidence*, vol. III, § 762.

expediciones de pesca inmeritorias. E. Chiesa, op. cit., Tomo I, pág. 412.

Por otra parte, el concepto de escritos para refrescar la memoria no debe ser confundido con el de *escritos de pasada memoria* el cual es atendido en la Regla 65(E) como parte de las excepciones a la prohibición de prueba de referencia aunque el declarante esté disponible como testigo.[11] Esta última regla contempla las situaciones en que un testigo no recuerda algo y el proponente de su testimonio desea presentar un récord de dicho recuerdo que fue preparado o adoptado por el testigo cuando el asunto estaba fresco en su memoria. En este caso, lo que se ofrece en evidencia es el escrito mismo, no el testimonio de la persona que lo preparó o adoptó, pues ésta no recuerda o su

---

[11] La regla 65 dispone lo siguiente:

Es admisible como excepción a la regla de prueba de referencia aunque el declarante esté disponible como testigo:

(A) . . .

. . .

(E) Escrito de pasada memoria.- Declaración contenida en un escrito o grabación en relación a una materia sobre la cual el testigo una vez tuvo conocimiento, pero al presente no recuerda lo suficiente para permitirle testificar en forma precisa, si el escrito o grabación fue hecho o adoptado por el testigo cuando la materia estaba fresca en su memoria. De admitirse, el escrito o grabación será leído, pero no será recibido como exhíbit a no ser que fuere ofrecido por la parte adversa. 32 L.P.R.A. Ap. IV.

recuerdo es tan insuficiente que no puede ser refrescado meramente revisando el documento.[12]

En contraste con lo anterior, permitirle a un testigo refrescar su memoria mediante un escrito no suscita un problema de prueba de referencia ya que "se recibe como evidencia el testimonio del testigo sin que sea necesario usar las declaraciones en el escrito como prueba sustantiva...". E. Chiesa, op. cit., Tomo II, pág. 795. El Tribunal Supremo de Ohio ha explicado la diferencia en los siguientes términos:

> In the "present recollection refreshed" situation [escrito para refrescar la memoria], the witness looks at the memorandum to refresh his memory of the events, but then proceeds to testify upon the basis of his present independent knowledge. However, in the "past recollection recorded" situation [escrito de pasada memoria], the witness´ present recollection is still absent or incomplete, but his present testimony is to the effect that his recollection was complete at the time the memorandum was written and that such recollection was accurately recorded therein. Ohio v. Scott, 285 N.E.2d 344 (1972), discutido y

---

[12] Wigmore discute el origen de ambos conceptos y la diferencia entre los mismos. Señala que no es extraño que generen confusión ya que el término *refrescar la memoria* suele emplearse erróneamente para referirse a *escritos de pasada memoria*. Según comenta el referido tratadista, quien primero reconoció la impropiedad fue un juez irlandés:

"Hayes, J., in *Lord Talbot v. Cusack*, 17 Ir. Com. L. Rep. 213, 220 (1864):["To refresh the memory of the witness"], that is a very inaccurate expression; because in nine cases out of ten the witness' memory is not at all refreshed; he looks at it again and again, and he recollects nothing of the transaction; but seeing that it is in his own handwriting, he gives credit to the truth and accuracy of his habits, and, though his memory is a perfect blank, he nevertheless undertakes to swear to the accuracy of his notes." *Wigmore on Evidence*, vol. III, § 734 y ss.

editado por Mueller & Kirkpatrick, *Evidence Under the Rules*, 4ta ed. Aspen Law & Business, 2000, pág. 313.

### III.

Según señalamos anteriormente, el Tribunal de Apelaciones resolvió que el imputado (aquí recurrido) tenía derecho a que se le facilitaran las notas de la investigación policial utilizadas por el testigo de cargo para refrescar su memoria antes de testificar.

El Procurador General aduce que la Sentencia recurrida da paso a que la defensa obtenga información no sujeta a ser descubierta en la etapa de vista preliminar. El argumento se apoya en que la Regla 95 de Procedimiento Criminal, 43 L.P.R.A. Ap. II, que regula el descubrimiento de prueba a favor de la defensa, se activa (en casos de delitos graves) con la presentación de la acusación, o sea, **después de que se determina causa probable para acusar en la vista preliminar**.

Ciertamente la obligación del fiscal de descubrir prueba a favor de la defensa se activa con la presentación del pliego acusatorio, esto es, de la denuncia en caso de delito menos grave o de la acusación en caso de delito grave. Regla 95 (a) de Procedimiento Criminal, *supra*; Véase además: E. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1995, Vol. III, pág. 231. El Procurador parte de la premisa correcta: las notas de la investigación que realizó el agente Pérez

constituyen material sujeto a ser descubierto bajo la citada Regla 95 de Procedimiento Criminal después de presentada la acusación, no antes. Sin embargo, las mismas notas, si son utilizadas por el agente que las tomó para refrescar su memoria antes o durante su testimonio, están también reguladas por la Regla 49 de Evidencia, *supra*.

Propiamente entendida, la controversia ante nos no es sobre descubrimiento de prueba, aunque sin duda se trata de un asunto relacionado. A diferencia de la regla federal análoga, nuestra Regla 49 de Evidencia no contempla las posibles imbricaciones con el Derecho Procesal Penal.[13] El hecho de que las notas de la investigación policíaca no puedan ser descubiertas en etapa de vista preliminar al amparo de la Regla 95 de Procedimiento Criminal, no implica que, si un testigo las empleó para refrescar su memoria, tampoco pueda exigirse su presentación bajo la referida Regla 49. No obstante, **la aplicación de dicha Regla en la etapa de los procedimientos aquí en cuestión, no se ajusta de ordinario al propósito limitado de la vista preliminar según lo hemos esbozado reiteradamente en nuestra jurisprudencia.**

Si bien hemos resuelto que la determinación de causa probable para acusar tiene que descansar sobre prueba

---

[13] G. Joseph & S. Saltzburg, *Evidence in America, the Federal Rules in the States*, Michie Co., Charlottesville, VA, 1994. vol. II, cap. 46, pág. 10.

admisible según nuestro derecho probatorio, también hemos resuelto **que la vista preliminar no ha de convertirse en un minijuicio**. Pueblo v. Andaluz Méndez, *supra*; Pueblo v. Irizarry, 156 D.P.R. 780 (2002). Más aun, dada la antes reseñada naturaleza flexible y propósito limitado de la temprana etapa procesal en cuestión, algunas de las reglas no se deben emplear.[14] Así sucede con el requisito de presentar a la parte contraria, al amparo de la referida Regla 49, los escritos utilizados por un testigo para refrescar memoria. Permitir la aplicación de la referida Regla 49 en el procedimiento de vista preliminar apareja el riesgo real de alargar indebidamente dicho procedimiento y convertirlo en un minijuicio. Nótese que al amparo de la Reglas 49 la defensa del imputado tendría derecho no sólo a detener los procedimientos en lo que estudia las notas con las que el testigo de cargo refrescó su memoria, sino que, además, tendría derecho también a realizar un cabal contrainterrogatorio del testigo en cuestión sobre las notas referidas, y a presentar en evidencia cualquier parte de éstas que estime conveniente. Se introduciría así un nuevo evento probatorio que complicaría la vista preliminar

---

[14] Es menester aclarar que nada de lo expresado en esta opinión debe interpretarse como una limitación a la aplicación en la vista preliminar de las reglas inspiradas en consideraciones de política pública, como lo son las relativas a privilegios. Véase: *Informe del Secretariado de la Conferencia Judicial Sobre la Vista Preliminar*, noviembre de 1979, pág. 80; Para la distinción entre las reglas basadas en "consideraciones de política pública" y las fundamentadas en la "búsqueda de la verdad", véase: E. Chiesa, *Tratado de Derecho Probatorio*, Ed. Corripio, Tomo I, pág. 150.

y posiblemente la apartaría de su único propósito de permitir la dilucidación de si hay causa probable o no.

Nos compete evitar tales complicaciones del procedimiento de vista preliminar, sobre todo en vista de las serias críticas que se le han formulado a este importante elemento del procesamiento penal. Véase, Pueblo v. Foster, 110 D.P.R. 8, voto explicativo del Juez Negrón García, págs. 9-34 (1980).

### IV.

Resolvemos que, de ordinario, **el requisito de presentación a la parte contraria del escrito empleado por un testigo para refrescar su memoria al amparo de la Regla 49 de las de Evidencia no es aplicable en la etapa de vista preliminar.** El magistrado que presida dicha vista podrá apartarse de la norma general aquí pautada y requerir la presentación del escrito, **solamente cuando lo contrario implique un claro fracaso de la justicia.**

Por las razones antes expresadas, se revoca la Sentencia recurrida y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos.

Se dictará sentencia de conformidad.


                                        JAIME B. FUSTER BERLINGERI
                                        JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Peticionario


       vs.                     CC-2005-332         Certiorari


Bryan Pillot Rentas

    Recurrido


SENTENCIA


San Juan, Puerto Rico, a 20 de diciembre de 2006.


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente, se revoca la Sentencia recurrida y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Ponce, para que continúe con los procedimientos.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Rebollo López no intervino.


Dimarie Alicea Lozada
Secretaria del Tribunal Supremo Interina