Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>v.<br><br><br>HÉCTOR MULERO ALGARIN<br><br>Peticionario | TA2025CE00310 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Sobre:<br>Art. 3.1 Ley 54<br>Art. 3.2 D Ley 54<br>Art. 3.3 Ley 54 (Cuarto Grado)<br>Art. 3.4 Ley 54 (Tercer Grado)<br>Art. 3.5 Ley 54<br>Art. 53.A Ley 57<br><br>Caso núm.:<br>F LE2025G0072<br>F LE2025G0073<br>F LE2025G0074<br>F LE2025G0075<br>F LE2025G0076<br>F LE2025G0077 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Candelaria Rosa[1] y el Juez Robles Adorno.[2]

Robles Adorno, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de noviembre de 2025.

El 18 de agosto de 2025, el señor Héctor Mulero Algarín (el señor Mulero Algarín o peticionario) presentó ante nos una *Petición de Certiorari* en el que solicitó que revoquemos la *Resolución* emitida el 14 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario).[3]

En el aludido dictamen, el TPI declaró No Ha Lugar a la *Moción de Desestimación* presentada el 25 de junio de 2025 por el peticionario, al amparo de la Regla 64(p) de las Reglas de

---

[1] Véase OATA-2025-221 del 13 de noviembre de 2025 en la que se designa al Juez Candelaria Rosa en sustitución de la Jueza Barresi Ramos.
[2] Véase OATA-2025-170 del 3 de septiembre de 2025 en la que se designa al Juez Robles Adorno en sustitución de la Jueza Santiago Calderón.
[3] Entrada Núm. 1, Anejo Núm. 2 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Procedimiento Criminal, 34 LPRA Ap. II, R. 64(p), por representación inadecuada. En consecuencia, se mantuvo el dictamen de causa probable contra el señor Mulero Algarín.

El 2 de octubre de 2025, el peticionario radicó una Petición de orden en auxilio de jurisdicción en el que solicitó que expidiéramos el *auto de certiorari* dado que el 6 de octubre de 2025 iniciaría un juicio en su contra.

En igual fecha, emitimos una *Resolución* en la que ordenamos la paralización de los procesos ante el TPI hasta que se resolviera la *Petición de Certiorari.*

Por los fundamentos que expondremos a continuación, expedimos y confirmamos el recurso ante nuestra consideración.

**I.**

El caso de autos tiene su inicio el 11 de abril de 2025, cuando el Ministerio Público re-sometió contra el señor Mulero Algarín las siguientes seis (6) denuncias: infracción al Artículo 3.1, 3.2(D), 3.3, 3.4 y 3.5 de la *Ley para la Prevención e Intervención con la Violencia Doméstica,* Ley Núm. 54 del 15 de agosto de 1989 (Ley Núm. 54-1989), según enmendada, 8 LPRA sec. 631- 8 LPRA sec. 635, e infracción al Artículo 53(a) de la *Ley para Prevención del Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de los Menores,* Ley Núm. 57 de 11 de mayo de 2023 (Ley Núm. 57-2023), según enmendada,  8 LPRA sec. 1734.[4]

El 7 de mayo de 2025, el foro primario celebró la vista preliminar en la que determinó que había causa probable para acusar al peticionario por los delitos imputados.[5] En la referida vista preliminar se presentó el Lcdo. Rafael Rivera como el representante legal del señor Mulero Algarín.[6] En dicha vista, el TPI le permitió al

---

[4] *Íd.*, Anejo 1; Entrada Núm. 1.
[5] *Íd.*, Anejo 2.
[6] Entrada Núm. 5, Anejo Núm. 1, pág. 10, línea 20-22 en SUMAC.

Lcdo. Rafael Rivera examinar el expediente del peticionario y así, proseguir con la vista preliminar.[7]

Durante la vista preliminar, el Ministerio Público presentó una sola testigo, la señora Diane Enid Castillo Crespo (la señora Castillo Crespo). En su testimonio esta indicó que, el 7 de agosto de 2024, el señor Mulero Algarín se presentó agresivamente a la residencia donde ella vivía, con los hijos de ambos, y mediante insultos le indicó que él se quedaba a vivir allí, aunque la señora Castillo Crespo impidió que viviera con ella.[8] Además, testificó que el peticionario la encerró en un cuarto durante varios días, junto a sus hijos, mientras este vertía amenazas de muerte a la señora Castillo Crespo.[9] La testigo añadió que, entre empujones y forcejeos, el peticionario la llevó hasta la cama y, en contra de su voluntad, le arrancó el pijama y la penetró.[10] Con el testimonio antes vertido, el Ministerio Público dio por sometido el caso.

El 8 de mayo de 2025, el foro primario presentó una *Acusación* contra el señor Mulero Algarín por seis (6) delitos graves al amparo de la Ley Núm. 54-1989 y la Ley Núm. 57-2023.[11]

Inconforme, el 25 de junio de 2025, el peticionario presentó una *Moción de Desestimación* al amparo de la Regla 64(p) de las de Procedimiento Criminal, *supra*, al entender que se le violó el debido proceso de ley por falta de una representación legal adecuada.[12]

Así las cosas, el 14 de julio de 2025, el TPI emitió una *Resolución* en la que declaró No Ha Lugar a la *Moción de Desestimación* presentada por el peticionario, luego de concluir que el Ministerio Público cumplió con la carga probatoria requerida

---

[7] *Íd.*, pág. 12, línea 3-24.
[8] *Íd.*, pág. 23, línea 11-20; 24-25; pág. 24, línea 1-5.
[9] *Íd.*, pág. 24, línea 7-25; pág. 25, línea 1-24.
[10] *Íd.*, pág. 26, línea 14-25; pág. 1-5.
[11] Entrada Núm. 1, Anejo Núm. 1 en SUMAC.
[12] *Íd.*, Anejo 4.

durante la determinación de causa probable para acusar y en cumplimiento con los derechos procesales del acusado.[13]

Inconforme, el 18 de agosto de 2025, el peticionario presentó ante nos una *Petición de Certiorari* en la que formuló los siguientes señalamientos de error:

> Primer error: Erró el Tribunal de Primera Instancia, Sala Criminal de Carolina, al declarar no ha lugar la Moción de Desestimación al amparo de la regla 64(p) de las de procedimiento criminal y el debido proceso de ley por representación legal inadecuada.

> Segundo error: Erró el Tribunal de Primera Instancia, Sala Criminal de Carolina al no adherirse a la jurisprudencia de Pueblo v. Padilla Flores, 127 DPR 689 (1991), Pueblo v. Branch, 154 DPR 575 (2001), Pueblo v. Rivera Cuevas, 181 DPR 699 (2011), Pueblo v. Rivera Montalvo, 2020 TSPR 116 y el debido proceso de ley por representación legal inadecuada.

El 2 de octubre de 2025, esta Curia emitió una Resolución en la que ordenó la paralización de los procedimientos ante el foro primario, hasta que este foro apelativo resuelva la *Petición de Certiorari* aquí presentada.

En atención a nuestra *Resolución*, luego de varios trámites procesales, el 20 de octubre de 2025, la parte recurrida presentó un *Escrito en Cumplimiento de Orden*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver el caso de epígrafe.

**II.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). A diferencia de una

---

[13] *Íd.*, Anejo 2.

apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al., supra*; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 97.

**B.**

Conforme a la Regla 23 de Procedimiento Criminal, *supra*, R. 23, en los casos en los que se impute la comisión de un delito grave se celebrará una vista preliminar. El mecanismo provisto por la mencionada regla es de rango estatutario y tiene como noción básica determinar la existencia o no de causa probable para creer que la persona acusada cometió un delito. *Pueblo v. Pérez Delgado*, 211 DPR 654, 664-665 (2023); *Pueblo v. Guadalupe Rivera*, 206 DPR 616, 649 (2021); *Pueblo v. Martínez Torres*, 116 DPR 793 (1986). Dicho objetivo requiere que se establezca (1) si existe causa probable en cuanto a la comisión del delito grave y (2) la conexión del imputado con este. *Íd.*

La vista preliminar tiene el fin de evitar que se someta a un ciudadano al rigor de un proceso criminal por un delito grave, sin evidencia que así lo justifique. *Pueblo v. Figueroa*, 200 DPR 14, 21

(2018); *Pueblo v. García Saldaña*, 151 DPR 783, 788 (2000). No obstante, en esta etapa el Ministerio Público no está obligado a presentar toda la prueba de cargo que desfilará en el juicio. *Íd.* Ello así, pues su responsabilidad probatoria en este momento se limita a la presentación de evidencia necesaria que permita una determinación prima facie sobre los dos aspectos antes enumerados. *Pueblo v. Negrón Nazario*, 191 DPR 720 (2014).

Durante la audiencia de causa probable regulada por la Regla 23, el Ministerio Público debe tener presente que la prueba ofrecida en esta debe ser una admisible en el juicio. *Pueblo v. Guadalupe Rivera, supra.* Este proceso, sin embargo, no supone la celebración de un mini juicio. *Íd.* Esta vista opera en términos de probabilidades y su objetivo no es establecer la culpabilidad de la persona imputada más allá de duda razonable, sino que el Estado cuenta con una justificación adecuada para continuar el proceso judicial en su contra. *Pueblo v. Pérez Delgado, supra,* pág. 665.

### C.

La Regla 64(p) de Procedimiento Criminal, supra, R. 64(p), establece que una acusación puede ser desestimada, con veinte (20) días de antelación al comienzo del juicio, si no se determinó causa probable por un magistrado con arreglo a ley y a derecho. Según esta regla, se pueden invocar dos fundamentos para la desestimación de la acusación. *Pueblo v. Negrón Nazario, supra*, pág. 735; *Pueblo v. Rivera Vázquez*, 177 DPR 868, 878 (2010). En el primer supuesto, que hubo ausencia total de prueba en la vista preliminar y en el segundo, que se infringió alguno de los requisitos o derechos procesales que se deben observar en dicha vista. *Íd.* En este último, quien atienda la vista preliminar, debe asegurar que se realizó conforme a la Regla 23 de Procedimiento Criminal, *supra* y que se ofrecieron las garantías procesales. *Pueblo v. Rivera Vázquez, supra,* pág. 879.

Aun así, ambos fundamentos requieren una demostración clara del error que se imputa al magistrado, pues toda determinación de causa probable para acusar goza de una presunción de corrección. *Íd.; Pueblo v. Andaluz Méndez*, 143 DPR 656, 662 (1997). Ante ello, le corresponde al acusado persuadir al tribunal que la determinación de causa probable no fue conforme a derecho bajo cualquiera de los dos fundamentos reconocidos por la Regla 64(p) de Procedimiento Criminal, *supra. Pueblo v. Negrón Nazario, supra*, pág. 736.

En lo pertinente, quien impugne una determinación de causa probable fundamentando que se violó el debido proceso de ley de un acusado, al amparo de la referida regla, debe demostrar su indefensión por incompetencia de su representación legal. *Pueblo v. Hernández Doble*, 210 DPR 850, (2022); *El Pueblo de Puerto Rico v. López Guzmán*, 131 DPR 867, 881(1992). Para ello, en *Pueblo v. Ortiz Couvertier,* 132 DPR 883, 888 (1993), el Tribunal Supremo estableció lo siguiente:

> El derecho a tener una efectiva o adecuada representación legal puede quedar menoscabado cuando:
> [(a)] el abogado es incompetente para la tarea que se le asigna,
> [(b)] como cuestión de hecho la labor desplegada demuestra su inefectividad,
> [(c)] hay un potencial o actual conflicto de intereses para el abogado,
> [(d)] las reglas o actuaciones del tribunal constituyen una limitación irrazonable al derecho a tener adecuada asistencia de abogado. E.L. Chiesa, Derecho procesal penal de Puerto Rico y Estados Unidos, Colombia, Ed. Forum, 1991, Vol. I, Sec. 7.9, págs. 449–550.
> *Íd.*

Además, cuando se impugna la falta de representación adecuada y efectiva, no se puede analizar y resolver en el vacío. Dichos asuntos tienen que, necesariamente, considerarse a la luz de la totalidad de los hechos del caso particular. *El Pueblo de Puerto Rico v. López Guzmán, supra.*

**D.**

Es sabido que los tribunales apelativos actúan como foros revisores. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Este Tribunal de Apelaciones tiene como tarea principal aplicar el derecho a los hechos particulares de cada caso. *Íd.* Dicha función, está cimentada en que el Tribunal de Primera Instancia haya desarrollado un expediente completo que incluya los hechos que haya determinado como ciertos ante la prueba que se haya ventilado. *Íd.* Como Tribunal de Apelaciones, no celebramos juicios plenarios, no presenciamos el testimonio oral de los testigos, no dirimimos la credibilidad y, tampoco esbozamos determinaciones de hechos. *Íd.*

Sin embargo, las conclusiones de derecho son revisables en su totalidad por el Tribunal de Apelaciones. *Íd.* Ante ello, los foros revisores no intervendrán con las determinaciones de hechos coaligadas por el Tribunal de Primera Instancia, la apreciación sobre credibilidad y valor probatorio de la prueba presentada en sala. *Dávila Nieves v. Meléndez Marín, supra*, pág. 771.

Como excepción, en caso de que la actuación del juzgador de los hechos medió pasión, prejuicio, parcialidad o error manifiesto, este Tribunal de Apelaciones puede descartar las determinaciones de los hechos. *Íd*; *Pueblo v. Millán Pacheco,* 182 DPR 595, 642 (2011). El Tribunal Supremo ha resuelto que, "si de un análisis de la totalidad de la evidencia este Tribunal queda convencido de que se cometió un error, como cuando las conclusiones están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida, las consideraremos claramente erróneas". *Dávila Nieves v. Meléndez Marín, supra,* pág. 772, citando a: *Abudo Servera v. ATPR*, 105 DPR 728, 731 (1977). Ante una alegación de pasión, prejuicio o parcialidad, los foros apelativos debemos evaluar si el juez o la jueza cumplió su función judicial de adjudicar la controversia específica conforme a derecho y de manera imparcial,

pues solo así podremos descansar con seguridad en sus determinaciones de hechos. *Dávila Nieves v. Meléndez Marín, supra*, pág. 777.

**III.**

En el caso ante nuestra consideración, el peticionario alegó que el TPI erró al declarar No Ha Lugar la *Moción de Desestimación* al amparo de la Regla 64(p) de Procedimiento Criminal, *supra*, tras violentarle su debido proceso de ley y no tener una representación legal adecuada. Arguyó que, durante la vista preliminar del señor Mulero Algarín, la representación legal de este no examinó adecuadamente la prueba, no formuló objeciones pertinentes, no presentó teoría en el caso ni cuestionó la conexión del peticionario con los delitos imputados. Consecuentemente, la inadecuada representación legal constituyó un perjuicio irreparable a los derechos constitucionales del peticionario.

Es norma reconocida que los foros apelativos no debemos intervenir con las determinaciones realizadas por los tribunales inferiores cuando estas se enmarquen en su discreción. A modo de excepción, podemos intervenir cuando se demuestra que el TPI actuó con prejuicio, parcialidad, que se equivocó en la aplicación de cualquier norma procesal o que incurrió en craso abuso de discreción. En lo pertinente a la controversia, se ha reconocido que la determinación de causa probable para acusar goza de una presunción de corrección y solamente ante una situación de incompetencia crasa de la asistencia legal, tal grado que causó perjuicio sustancial, entonces es que procedería sustituir el criterio del foro primario.

Tras un análisis detallado del expediente, resolvemos que el TPI no cometió los errores señalados en el caso de autos.

Según surge de la regrabación de la vista preliminar, citada para el 7 de mayo de 2025, el foro primario permitió el relevo de la

representación legal del señor Mulero Algarín y, por tanto, el Lcdo. Rafael Rivera, asumió la representación legal del peticionario.[14] Ante ello, previo a comenzar los procedimientos, el TPI le otorgó un turno posterior al Lcdo. Rafael Rivera para que examinara el expediente del caso.[15] Una vez examinado el expediente, se reanudaron los procedimientos y la representación legal del peticionario expresó estar preparada para comenzar la vista.[16] Así pues, durante el testimonio de la señora Castillo Crespo, el Lcdo. Rafael Rivera levantó varias objeciones, entre ellas, objetó las preguntas sugestivas y parte del testimonio vertido.[17] Durante el interrogatorio directo, el Ministerio Público trajo como evidencia una declaración jurada de la señora Castillo Crespo, la cual se le facilitó al Lcdo. Rafael Rivera, quien la examinó y determinó que no haría preguntas a la testigo.[18] Así las cosas, en su turno final, el Lcdo. Rafael Rivera argumentó que "aquí la violación como tal no se configuró".[19]

A la luz de lo anterior, nos resulta difícil concluir que la representación legal del peticionario fue incompetente y que perjudicó el debido proceso de ley. Primero, existe una presunción de razonabilidad de la conducta de la representación legal, la cual no fue rebatida por el peticionario, ya que el mero hecho de no haber realizado un contrainterrogatorio no determina que es una representación inadecuada. Los abogados realizan sus propias estrategias legales y dentro de ellas, pueden abstenerse de contrainterrogar cuando entiendan que resulta inmeritorio. Segundo, el peticionario falló en presentar prueba que demuestre su indefensión por incompetencia del abogado. Tercero, resulta irrazonable asumir que, de haberse realizado el

---

[14] Entrada Núm. 5, Anejo Núm. 1, pág. 10, línea 20-25; pág. 11, línea 1-5 en SUMAC.
[15] *Íd.*, pág. 11, línea 22-24; pág. 13, línea 1-6.
[16] *Íd.*, pág. 13, línea 6-20.
[17] *Íd.*, pág. 18, línea 7-8; pág. 29, línea 12-13; pág. 20, línea 18-19.
[18] *Íd.*, pág. 32, línea 24-25; pág. 33, línea 1-24.
[19] *Íd.*, pág. 34, línea 21-23.

contrainterrogatorio, no se hubiera configurado causa probable contra el peticionario. Cuarto, la vista preliminar opera en términos de probabilidades y su objetivo no es establecer la culpabilidad de la persona imputada más allá de duda razonable, el peticionario tendrá oportunidad de un juicio plenario para ello. Por tanto, la prueba presentada por el Ministerio Público era suficiente para probar causa por los delitos imputados en vista preliminar.

Ahora bien, en cuanto al segundo señalamiento de error, el peticionario argumentó que el foro primario no resolvió conforme a la jurisprudencia señalada. En *Pueblo v. Padilla Flores*, 127 DPR 698 (1991), el Tribunal Supremo concluyó que denegar un relevo de representación legal cuando existe un conflicto de interés, resultó en una representación legal inadecuada. Por su parte, en *Pueblo v. Branch*, 154 DPR 575 (2001), se estableció que la ausencia de un intérprete de señas para una persona sorda constituye una violación del debido proceso de ley y sus derechos de estar asistido por un abogado. En cambio, en *Pueblo v. Rivera Cuevas*, 181 DPR 699 (2011), el foro superior entendió que la desestimación bajo la Regla 64(p) de Procedimiento Criminal solamente prosperará si hay ausencia total de prueba sobre los elementos del delito. En *Pueblo v. Rivera Montalvo*, 205 DPR 352 (2020), el Tribunal Supremo razonó que la representación legal falló al no cuestionar la competencia mental del imputado. Según el peticionario, los casos antes reseñados debieron ser evaluados para la determinación de causa probable.

Luego de analizar la jurisprudencia, concluimos que en el presente caso no se configuraron las circunstancias anteriormente descritas, en relación con la inadecuada representación legal. Además, puntualizamos que, la vista preliminar fue realizada conforme al estándar de prueba establecido y recalcamos que el

señor Mulero Algarín obtuvo una representación legal adecuada. Por todo lo cual, confirmamos el dictamen del foro primario.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *Certiorari* y se confirma la Resolución recurrida.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones